



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| ex rel. | : | |
| INTERNATIONAL BROTHERHOOD | : | |
| OF ELECTRICAL WORKERS, | : | |
| LOCAL UNION NO. 98, | : | CASE NO. |
| | : | |
| Relators/Plaintiffs, | : | |
| | : | 09 ⁻ 4230 |
| v. | : | |
| | : | |
| THE FARFIELD COMPANY | : | |
| 312 E. Meadow Valley Rd. | : | **FILED** |
| Lititz, PA 17543 | : | |
| | : | SEP 17 2009 |
| Defendant. | : | MICHAEL E. KUNZ, Clerk |
| | | By_____ Dep. Clerk |

## COMPLAINT

Relator/Plaintiff, International Brotherhood of Electrical Workers, Local Union No. 98

("Local 98"), on behalf of the United States of America, complains about The Farfield Company

("Farfield" or "Defendant") as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the matters at issue pursuant to 28 U.S.C. § 1331 as this case

arises under certain laws of the United States, specifically 31 U.S.C. § 3729, *et seq.*

2.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3.      Local 98 is an unincorporated association representing individuals employed in the

construction industry and related activities, and is a labor organization as defined in 29 U.S.C. § 152(5). Local 98 has its headquarters located in this District at 1701 Spring Garden Street, Philadelphia, PA 19130.

4.      Farfield is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal office and place of business located at 312 East Meadow Valley Rd., Lititz, PA.

## FACTS UNDERLYING CAUSE OF ACTION

5.      Farfield is an electrical contractor responsible for electrical work performed on construction projects that include, but are not limited to, the Girard Avenue Infrastructure Renewal Project ("Girard Project"), PATCO Egress Lighting Project ("PATCO"), the SETPA Project 5004, Wayne Junction to Glenside and Signal Project ("Wayne Junction") and the SEPTA Project 5005, Smart Stations Project I and II ("Smart Stations"), among other federally-funded projects, during the period of at least 2001 through 2007.  These projects required the work of skilled electricians.

6.      The projects at issue involved construction subject to the Davis-Bacon Act, 40 U.S.C. § 276(a) *et seq.*, in that they involved construction contracts in excess of $2,000.00 that were, in part, funded by agencies of the United States government, namely the Federal Transit Authority ("FTA"). The general contractor and all subcontractors were required to comply with the provisions of the Davis-Bacon Act, 40 U.S.C. § 276(a) and all implementing regulations.

7.      A wage determination for occupations in the electrical construction industry and in building construction was established by the United States Department of Labor as required by the Davis-Bacon Act and set forth the prevailing wages and fringe benefits required to be paid to workers performing work similar in character to each occupational classification.

8.      On the projects identified in the Complaint, and possibly others, Defendant engaged in a

conspiracy, scheme or course of conduct in which they would intentionally plan to pay workers on these projects wages that were lower than those required under law for the purpose of, *inter alia*, underbidding their competition and obtaining business and profits. To further this conspiracy, scheme or course of conduct, Defendant knowingly and intentionally conspired to and did make numerous claims to the United States government and the construction grant administrator that it actually knew to be false, or that were made with deliberate ignorance of, or reckless disregard for, the truth, to-wit:

a.   Defendant knowingly submitted bids for federally-funded contracts that intentionally misrepresented the number and classification of workers necessary on such projects in a deliberate effort to avoid the prevailing wage mandates under the Davis-Bacon Act, namely the requirement that employers pay employees performing certain classifications of work (e.g. electricians) the prevailing rates for such work;

b.   Defendant knowingly represented in certified payroll reports submitted for the receipt of federal funds, pursuant to the Davis-Bacon Act, that certain employees who were performing the duties of an electrician received the appropriate prevailing wage for each hour worked when, in fact, such employees were paid less than the appropriate prevailing wage for each hour worked;

9.    Upon information and belief, all or a majority of Farfield's employees performing the duties of electricians on the projects at issue, as well as similar federally-funded projects, failed to receive the proper prevailing wage rates.

10.   Upon information and belief, Defendant has falsely and intentionally reported its

employees' proper classification on at least one hundred and four (104) or more certified payroll documents at the Girard Project job site for employees performing duties of an electrician, including misrepresentations of job classification.

11.     On information and belief, Defendant has falsely reported hours and wages on certified payroll documents at the PATCO project for employees who performed duties of an electrician, including the misrepresentations concerning job classification and the proper rate of pay received by each employee.

12.     On information and belief, Defendant has falsely reported hours and wages on certified payroll documents at the Wayne Junction project for employees who performed duties of an electrician, including misrepresentations concerning job classification and the proper rate of pay received by each employee.

13.     On information and belief, Defendant has falsely reported hours and wages on at least one hundred and twenty-one (121) certified payroll documents at the Smart Stations project for employees who performed duties of an electrician, including misrepresentations concerning job classification and the proper rate of pay received by each employee.

14.     Each individual false representation made by Defendant on each and every certified payroll document covering the Girard Project, PATCO, Washington Metro, Wayne Junction, the Smart Stations projects and other projects not currently known constitutes a separate and distinct violation of the False Claims Act, 31 U.S. § 3729, *et seq.*

15.     As a direct and proximate result of the Defendant's deliberate and knowingly false claims, those workers performing the duties and work recognized throughout the construction industry and under the negotiated agreements forming the basis for the prevailing wage rates as that of an

electrician were paid lower wages and lower fringe benefits than had they been paid the appropriate prevailing wage as set forth in the General Wage Decision for each hour worked at the Girard Project, PATCO, Washington Metro, Wayne Junction, the Smart Stations projects, and other federally funded projects.

16.     As a direct and proximate result of Defendant's filing of fraudulent certified payroll documents, Defendant has knowingly and deliberately committed numerous violations of the False Claims Act.

17.     Local 98 learned of the Defendant's false claims by virtue of the independent investigation of employees and agents of Local 98 as to the prevailing wages paid to Farfield employees performing duties of an electrician.

WHEREFORE, International Brotherhood of Electrical Workers, Local Union No. 98 prays that this Court enter its Order, Judgment and Decree against the Defendant for back pay to individuals, fines and damages under the Act, including treble damages, attorneys' fees, and costs of the court for each false claim made by the Defendants and any other relief which is fair and just. Local 98 further prays that this Court Order, Adjudge and Decree that thirty percent (30%) of any monies ordered to be paid by the Defendants in this action be awarded to Local 98 pursuant to 31 U.S.C. § 3730(d).

Respectfully submitted,

JENNINGS & SIGMOND

RICHARD B. SIGMOND (02574)
JENNIFER L. HOPE (205999)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0609/617

9/17/09
DATE

Validation Signature Code: jlh 8041