**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     ex rel. | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTRICAL WORKERS, LOCAL UNION | ) | Civil Action No. 09-4230 |
| NO. 98, | ) | |
| | ) | |
|           Relators/Plaintiffs, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| THE FARFIELD COMPANY | ) | |
| | ) | |
|         Defendant. | ) | |

**PLAINTIFF'S INTERROGATORIES DIRECTED TO**
**THE FARFIELD COMPANY (FIRST SET)**

Plaintiff asks that Defendant The Farfield Company answer the Interrogatories in Section

3 within the time period provided by the Court as provided in its Order of August 1, 2013 and in

accordance with Rule 33 of the Federal Rules of Civil Procedure.

**SECTION 1 – INSTRUCTIONS**

In answering these Interrogatories, please follow these instructions.

1.01 <u>**Response and Duty to Investigate**</u>. You must respond to these Interrogatories in writing

and under oath within the time period established by the Court. The response must be based on

all information which is available to you or which may be discovered by you from your files,

attorneys and other agents subject to your direction or control. You must make a diligent

investigation of all files and records available to you in answering each question.

1.02 <u>**Supplementary Response and Incomplete Answers**</u>. These Interrogatories continue

past the date of your original response. If additional information becomes available to you or

any other person subject to your direction or control, you must modify your answers to these



Interrogatories and serve them upon the Plaintiff within ten (10) days after receipt of the new information. If you cannot answer an Interrogatory in full after exercising due diligence to secure the information needed for a complete answer, answer the question to the extent possible, specify the subjects omitted and the reasons you lack information, and identify any other possible sources of information concerning the unanswered portions.

1.03   **Burdensome Questions**. If you object to a question on the ground that it is burdensome, provide a succinct answer within the spirit of the question to the extent possible and explain the extent of the additional investigation or work which would be required to answer the question in full.

1.04   **Claims of Privilege**. If you claim that the answer to a question or document for which identification or description is sought by these Interrogatories is privileged: (1) identify the information or document subject to the claim of privilege with sufficient particularity to allow the Plaintiffs to bring the matter before the court; (2) state the nature of the privilege asserted; and (3) describe in detail the factual basis for the claim of privilege. In particular, if you claim the attorney-client privilege, identify the speaker or author of the communication, the capacity and situation in which the speaker or author was acting when he made the communication, all recipients of a document or persons present at the making of the communication and the date of the communication.

1.05   **Cross-Reference to Documents**. You may answer an Interrogatory by reference to documents. In this situation, a copy of the document should be attached to your response to these Interrogatories or Plaintiff's Request for Production of Documents (First Set) Directed to Defendant, organized or marked to identify the Interrogatory to which it relates and the original file in which the document was located. The specific documents containing the requested

2

information and, in lengthy documents, the page or line number containing pertinent material must be identified in your cross-reference.

1.06   **Rules of Construction**.  The following rules of construction apply to these Interrogatories.

      (a)      The conjunction "and" is also to be interpreted disjunctively.

      (b)      The disjunctive "or" is also to be interpreted conjunctively.

      (c)      The present tense of a verb includes the past tense and *vice versa*.

      (d)      Use of the singular includes the plural and *vice versa*.

      (e)      Use of the masculine gender includes the feminine gender and *vice versa*.

      (f)      Use of any of the functional words "each," "every," "any" and "all" includes each of the other functional words.

      (g)      Use of any conjunction of the verb "to include" is illustrative and not limiting.

1.07   **Specifying Dates**.  When in these Interrogatories you are asked to state the date on which some incident or event occurred, provide the day, month and year, if known; if the day is not known, provide the month or season along with the year; if the month and/or year is not known, identify the date by relating it to some established time (e.g., "one month after notification by the Funds").

## SECTION 2 – DEFINITIONS

2.01   "Act" shall mean any action or conduct.

2.02   "Affirmative Defenses" means the Affirmative Defenses set forth in Defendant's Answer to the First Amended Complaint filed in this matter.

2.03   "Answer" shall mean Defendant's Answer to the First Amended Complaint in this matter.

2.04    "Complaint" shall mean the First Amended Complaint in this matter.

2.05    "Communication" or "Communications" means all transmissions or exchange of information, which transmission or exchange was written or oral, electronic, telephonic, or by any other means, including but not limited to letters, e-mails, texts, telegrams, or other telegraphic messages, telephone conversations, face-to-face conversations, messages sent by way of intermediaries, notes, presentations or speeches, meetings, offers, notations, or memoranda of any conversations, bulletins, inter-office and intra-office Communications, and all other contacts or attempted contacts by or between Persons as this term is defined in Section 2.32 regarding any event, action taken or policy inquired into by these Interrogatories.

2.06    "Contested Period" shall mean January 1, 2001 to the date of your response to these Interrogatories.

2.07    "Corporation" includes, without limitation, associations, joint-stock companies, insurance companies and any Foreign Business Organization with respect to holders of interests with limited liability for debts of the Organization.

2.08    "Describe in detail" means to":

    (a)    Describe fully by reference to underlying facts rather than by ultimate facts, conclusions of law or unexplained assumptions or determinations; and

    (b)    Particularize as to:

        (1)    time;

        (2)    place; and

        (3)    manner.

2.09    "Document" or "Documents" means, and includes the original and any copy, regardless of origin or location, of any written, printed, computer-generated or typed record, graphic matter,

4

e-mail transmissions without regard to storage media, however produced or reproduced,

including but not limited to: contracts, agreements, addendums, schedules, telegrams, charts,

letters, studies, checks, statements, receipts, summaries, pamphlets, books, business records,

prospectuses, computer printouts, invoices, worksheets, printed matter, notes, memoranda, e-

mails, reports, pdf files and/or folders, work papers, diaries, calendars, minutes of meetings,

daily reports, whether printed or handwritten, and all other materials within or upon which

appear any writing or utterance, whether by hand, typewriter, printing press, tape, record, or any

other mechanical or electronic system of reproduction.  The terms specifically include any

electronically stored information, including but not limited to, files or other data stored on hard-

drives, "cloud"-based storage systems, file servers, disks or other devices or media.  The terms

also include copies containing information in addition to that contained on the original.  You are

also requested to identify and produce any document relating to matters described herein which

are not in your possession, but are in the possession of your agents and representatives, including

any actuarial service used by plaintiff and your counsel.  As to any document related to the

matters described herein which is not in your possession or the possession of your agents and

representatives, but which you know to exist, you are requested to identify such document and

indicate to the best of your ability its present or last known location or custodian.

2.10    "Employee" means:

      (a)    Any officer of a corporation or former officer or employee with an ongoing

consulting relationship or contract with the organization; and

      (b)    Any individual who, under the usual common law rules applicable in determining

the employer-employee relationship, has the status of an employee.

2.11    "Employment" shall mean being carried on any of The Farfield Company's records as an Employee in active employment.

2.12    "Farfield" shall mean The Farfield Company and all of its affiliates, divisions, sub-divisions, partnerships, associations, organizations or joint ventures subject to its control.

2.13    "Foreign Business Organization" means any entity or form of ownership, incorporated or unincorporated, which has its principal offices outside the United States or is organized under the laws of a country other than the United States of America.

2.14    "Girard Project" means the Girard Avenue Infrastructure Renewal Project.

2.15    "Identified Projects" shall collectively refer to "Girard Project," "PATCO Project," "Smart Stations I," "Smart Stations II" and "Wayne Junction Project."

2.16    "Identify" shall mean, when referring to any Act, to:

    (a)    Describe the substance of the event or events constituting each Act;

    (b)    Identify the location, date and persons involved;

    (c)    Identify the Person for whom the act was performed;

    (d)    Identify the Person against whom the Act was directed;

    (e)    Identify all witnesses to the Act; and

    (f)    Identify any documents arising from, reflecting, recording or relating to each Act.

2.17    "Identify" shall mean, when referring to a corporation, to provide the corporation's full name, each state in which it is incorporated and the address of its principal place of interest.

2.18    The term "Identify" when used with reference to a Document means to state:

    (a)    The type of document (e.g., memorandum, employment application, letter, telegram, e-mail, pdf.file, chart, etc.);

(b)     Its date or the regular period (annual, quarterly, monthly) for which the type of document is prepared;

(c)     Its author (and if different, the originator and signer) or operational division or personnel responsible for preparation of a type of document;

(d)     Any and all means of identifying the document including, without limitation, the title, heading or other designation, numerical or otherwise, of the document;

(e)     The persons (or if widely distributed, set forth the organization or classes or person) to whom the document was sent;

(f)     The present or last known location of the document and of each copy with unique notations or markings;

(g)     A description, in detail, of the substance of the document;

(h)     If any such document was, but no longer is, in your possession or subject to your control, the disposition which was made of it, the reason for the date of such disposition; and

(i)     If you are no longer in possession of the original or a copy, the name, address and telephone number of the custodian of the original or copy.

2.19     "Identify" shall mean, when referring to a natural Person, to provide the following information:

(a)     Full legal name (or if not known, as much of the name as is known), his job title or position and employer, or if no other identification is possible, provide a sufficient description so that he will be identifiable to the recipients of your answer;

(b)     Title;

(c)     Present or last known position and business affiliation;

7

(d)     Position and business affiliation at the time in question and the person he was representing or for whom he was acting;

(e)     Present (or last known, with indication of the date of that last knowledge) residence address, work and home telephone numbers and e-mail address;

(f)     In the case of an expert witness, his area of expertise and education, training, experience, publications and prior qualification as an expert in the area of expertise.

2.20   "Identify" when used with reference to an oral statement, Communication, conversation or conference, shall mean to:

(a)     Identify the Person making each statement, the Person to whom each statement was made, and all other Persons present at the time of each statement;

(b)     State the date of such statement, conversation or conference;

(c)     State the place where such statement, conversation or conference was held; or

(d)     If by telephone, identify the Persons participating in the telephone call, identify the Person making the call and state the places where the Persons participating in the call were located;

(e)     Describe in detail the substance of each statement, conversation or conference; and

(f)     Identify all documents which evidence, refer or relate to such statement, conversation or conference.

2.21   The term "Identify" as used in connection with an Organization means to state:

(a)     The full legal name, state or country under the laws of which the Organization is organized (if any), and any trade or assumed names under which the Organization conducts business.

8

   (b)  The employer identification number of the Organization for federal income tax purposes.

   (c)  Identify the Officers and any other person authorized to accept service on behalf of the Organization.

   (d)  The address and telephone number of the principal offices of the Organization.

2.22  "Identify" shall mean, when referring to an entity other than a natural person or corporation (e.g., association, partnership, limited partnership, etc.), to provide an official name or designation of each such entity and the address of its principal place of business.

2.23  "Identify" shall otherwise mean, when used in reference to a thing other than a document, oral communication, act or person, to state the nature of the thing, its location, and to provide a description sufficient to distinguish it from other similar things.

2.24  "Interest" means stock, an interest in the capital or profits of a Partnership, a sole proprietorship or other forms of Ownership in a trade or business which is not a Corporation, Partnership, Trust, Estate or sole proprietorship.

2.25  "Local" or "Local 98" shall mean International Brotherhood of Electrical Workers Local Union No. 98.

2.26  "Officer" means the president, vice-president, general manager, treasurer, secretary and comptroller of a Corporation and any other person who performs duties corresponding to those normally performed by persons occupying such positions even though such person may no longer be serving in such capacity.

2.27  "Oral Communication" means any and all non-written forms of expression or communication, whether face-to-face, by telephone, in a conference or otherwise.

9

2.28    "Organization" means a sole proprietorship, partnership, trust, estate, corporation or

business.

2.29    "Ownership" or any conjugation of the verb "to own" means actual ownership and

constructive ownership, unless otherwise specifically indicated.

2.30    "Partnership" includes, without limitation, a syndicate, group, pool, joint venture, or other

incorporated Organization through or by means of which any business, financial operation, or a

venture is carried out which is not a trust, estate or Corporation, or sole proprietorship of Foreign

Business Organization with respect to holders of interest with no general overall limitation of the

liability for debts of the Organization.

2.31    "PATCO" shall mean the Port Authority Transit Company.

2.32    "PATCO Project" means the PATCO Egress Lighting Project."

2.33    "Person" or "Persons" means all individuals and entities, including without limitation

natural persons, individuals, representatives of persons, associations, firms, companies,

corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies,

departments, divisions, subdivisions, subsidiaries, bureaus and boards.

2.34    "Property" means any tangible thing of value, including realty, equipment, buildings,

which is property for purposes of a tax lien under the Internal Revenue Code.

2.35    "Record" or "Records" shall include any regular, formal or non-formal, official or

non-official, memorandum or written preservation of any event, actions taken and details thereof

inquiring into these Interrogatories.  A copy of the original of the "Record" is preferred; giving

the substance of such "Records" will suffice where a copy is not available.

2.36    The terms "relating to," "relate to," "evidence," "referring to," "refer to" and "regarding"

mean constituting, comprising, containing, setting forth, showing, disclosing, describing,

explaining, summarizing or concerning directly or indirectly.  Further, the term "relate to" or "relates to" means to support or provide a factual basis for, to contradict, to concern, or to refer to in any or degree, or to any extent.

2.37    "SEPTA" shall mean Southeastern Pennsylvania Transportation Authority.

2.38    "Smart Stations I" means the SEPTA Project 5005, Smart Stations Project I.

2.39    "Smart Stations II" means the SEPTA Project 5005, Smart Stations Project II.

2.40    "Summary" means a memorandum, report, record or data compilation, in any form, prepared or used by the management of the company or an accountant, attorney, actuary or other advisor in the usual course of business or any other chart, summary or calculation presenting the contents of voluminous or numerous documents or data entries in a form which may conveniently be examined in court.

2.41    "Wayne Junction Project" means the SEPTA Project 5004, Wayne Junction to Glenside Signal Project.

2.41    "You" or "Your" and "defendants" mean the party to whom these Interrogatories are directed and includes any agent, employee, representative, or other natural person, firm, corporation, partnership, association, organization, joint venture or group of natural persons subject to its control.

## SECTION 3 – INTERROGATORIES

3.01    Identify each Person with whom you have consulted, upon whom you have relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories, listing with respect to each such Person, the number(s) of the

Interrogatories to which the Person helped to prepare the answer, or with respect to which the Person was consulted, relied upon or otherwise constituted a source of information.

3.02    Identify and describe all projects and jobs on which Farfield was involved or on which Farfield was engaged to perform work during the Contested Period, including the location of the project, the nature of the project, the general contractor and the owner, the identity of Farfield's foremen and supervisors on each project, and Identify all Farfield Employees who performed work on each project and state the type of work, including job classification, the dates and total number of hours (regular and overtime) worked by each such Employee on each such project, and their rates of pay.

3.03    Identify all of Farfield's records covering the Contested Period that include information as to the work performed by Farfield Employees, the type of work, the dates and total number of hours worked by each Employee and Identify the Person or Persons responsible for maintaining such records.

3.04     Identify the Person or Persons in the employ of Farfield or otherwise acting on its behalf who, during the Contested Period, are or were responsible for the preparation of payroll for Farfield's Employees and identify each and every Document used, relied upon or referred to by said Persons in such preparation.

3.05     Identify and describe for each of the Identified Projects:

   (a)     Each Employee who performed work on the project, his dates of employment, job classification(s) [if the Employee held more than one job classification, provide the dates and time frames during which he held each such classification], his rate(s) of pay for each job classification and the identity of his foreman or immediate superior;

13

     (b)     Each Employee who possessed supervisory authority, including but not limited to foremen, supervisors, superintendents and job or project managers and  provide a description of each Persons' responsibilities; and

     (c)     Any and all Documents that refer or relate to the hours worked by employees on the identified projects, their rates of pay, their job duties or tasks, including daily time records or reports, foreman's' reports, supervisor reports or any form of similar document or record.

3.06    Identify and describe any and all Documents or reports that were prepared, maintained, submitted or recorded, of any kind or nature, that refer or relate to the performance of work by Employees on a daily, weekly or other basis in relation to the Identified Projects.  In addition, Identify and describe the process by which each Document or report that was identified is prepared or maintained, the reasons for creation of the Document, and the Person(s) who created the Document and to whom the Document was submitted.

3.07    Identify and describe each Employee on each of the Identified Projects whose rate of pay was changed during the course of such project and, in relation to each, state:

    (a)    The employee's initial wage rate and job classification;

    (b)    The change(s) in the wage rate;

    (c)    The reasons(s) for the change;

    (d)    The amount of the change; and

    (e)    The person who approved such change.

3.08    Identify the Person or Persons responsible for preparing the bid submissions and determining and approving the bid amounts for all projects during the Contested Period, including but not limited to the Identified Projects, and Identify each and every Document used, relied upon or referred to by said Persons in such preparation.  In relation to each Person identified, Identify the project(s) for which each Person was responsible.

3.09    Describe in detail the procedure and processes by which bids for projects were prepared and submitted by the Person or Persons identified in the preceding interrogatory.

3.10    For the Identified Projects, Identify the Person or Persons responsible for determining the wage rates for each Employee and Identify each and every Document used, relied upon or referred to by said Persons in determining each Employee's wage rate.

3.11    For the Identified Projects, identify the Person or Persons responsible for determining the "phase code" assigned to work performed by each Employee and identify each and every Document used, relied upon or referred to by said Persons in making such a determination.

3.12    Describe in detail the procedure and processes by which the phase code was assigned to work performed by each Employee on each Identified Project and Identify the Person or Persons who approved the assignment of a phase code to the Employee(s).

16

3.13    For the Identified Projects, Identify the Person or Persons responsible for the preparation and/or submission of certified payrolls and Identify each and every Document that was used, relied upon or referred to by said Persons in preparing and/or submitting certified payrolls.

3.14    Identify the Person or Persons responsible for determining the job classifications and rates of pay for Employees performing work on the Identified Projects; describe in detail the procedures, processes and rationale used in making determinations in relation to job classifications and rates of pay; and Identify all Documents used determining these job classifications and rates of pay.

3.15    Identify and describe all computer software and hardware used by Farfield during the Contested Period for any purpose related to the Identified Projects, the periods of time during

17

which the software and hardware was used, and the purpose for which it was used.  If any computer software or hardware was replaced, explain whether Farfield retained the data maintained on the software and hardware.

3.17    Identify and describe Farfield's Document retention, destruction, and storage policies throughout the relevant time period, including, but not limited to the length of time for which Documents are or were retained before destruction, the types of Documents that are or were destroyed, the manner in which Documents are or were retained and/or destroyed, the Person(s) responsible for the destruction of Documents, the Person(s) who direct(ed) the destruction of Documents, the manner in which Documents are or were stored, and any Documents referring or relating to Farfield's Document retention, destruction, and storage policies.  For every Document that has been destroyed, provide the date on which it was destroyed and the reason why it was destroyed, and Identify the Person(s) who directed its destruction, the Person(s) who destroyed it, and the manner in which it was destroyed.

3.18    Describe in detail the basis, including all relevant facts and legal theories, relating to your

defenses and Affirmative Defenses; Identify and describe all Documents which contain

information referring or relating to your defenses and Affirmative Defenses; and Identify all

witnesses upon whom and Documents upon which you will rely at trial to support your defenses

or Affirmative Defenses.

3.19    Identify any Documents that are responsive to, refer to, or relate to these Interrogatories

but which no longer exist or cannot be produced, and explain why they no longer exist or cannot

be produced.  If any of these Documents have been destroyed, either physically or electronically,

Identify the Person(s) who ordered them destroyed and the Person(s) who destroyed them, the

manner in which they were destroyed, the reason(s) why they were destroyed, when the order

was given to destroy them, and when they were destroyed.

19

JENNINGS SIGMOND, P.C.

 /s/ Richard B. Sigmond
RICHARD B. SIGMOND, ESQUIRE
(I.D.#02574)
MARC L. GELMAN, ESQUIRE
(I.D.#78857)
MOIRA McGUIRE KULIK, ESQUIRE
(I.D.#202879)
510 Walnut Street, 16th Fl.
October 7, 2013                                Philadelphia, PA 19106-3683
DATE                                           (215) 922-6700

20

## CERTIFICATE OF SERVICE

I, Marc L. Gelman, hereby certify that a true and correct copy of Plaintiff's First Set of Interrogatories and First Request for Production of Documents directed to Defendant was served on the following via E-Mail and First Class Mail, postage pre-paid on the date set forth below.

> Susan R. Friedman, Esquire
> Zachary R. Davis, Esquire
> Stevens & Lee
> 51 South Duke Street
> Lancaster, PA  17602

_____
MARC L. GELMAN, ESQUIRE

Date: October 7, 2013