UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel.<br>INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS,<br>LOCAL UNION NO. 98<br><br>Relators/Plaintiffs<br>v.<br><br>THE FARFIELD COMPANY<br><br>Defendant | CIVIL ACTION NO. 09-4230<br><br>JUDGE STENGEL |

**DEFENDANTS' RESPONSES TO RELATOR/PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant The Farfield Company ("Farfield") responds to the First Set of Interrogatories of Relator/Plaintiff International Brotherhood of Electrical Workers, Local Union No. 98 ("IBEW") as follows.

**PRELIMINARY STATEMENT**

These general objections are stated here to avoid restating them in their entirety for each interrogatory. Farfield's responses to these Interrogatories are based on information known to it at this time and are set forth without prejudice to Farfield's right to additional objections or supplemental responses should it discover additional information or grounds for objection. Farfield reserves the right to supplement or amend these responses at any time prior to the trial of this action.

**GENERAL OBJECTIONS**

The following general objections are incorporated into each and every response as though fully set forth therein:

SL1 1263199v6 040660.00031



EXHIBIT
3

1.      Farfield objects to each Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure. Any inadvertent production of privileged information or documents shall not constitute a waiver of any privilege or immunity.

2.      Farfield objects to each Interrogatory to the extent that it seeks information or documents protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of Farfield.

3.      Farfield objects to each Interrogatory to the extent that it seeks information or documents from persons other than Farfield.

4.      Farfield objects to each Interrogatory to the extent that it seeks information or documents that are not relevant to the subject matter of this litigation.

5.      Farfield objects to each Interrogatory to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Farfield objects to each Interrogatory to the extent that it seeks information or documents not properly discoverable under the Federal Rules of Civil Procedure.

7.      Farfield objects to each Interrogatory to the extent that it is vague, ambiguous or conclusory in nature, or incapable of a response as phrased.

8.      Farfield objects to each Interrogatory to the extent that any attempt to respond would be unduly burdensome, expensive, harassing, or oppressive, insofar as it attempts to require Farfield to undertake an unreasonably burdensome investigation or to respond on behalf of persons other than Farfield.

9.      Farfield objects to each Interrogatory to the extent that it is overly broad.

SL1 1263199v6 040660.00031

10. Farfield assumes no duty to supplement its responses except to the extent required by the Federal Rules of Civil Procedure.

11. Farfield objects to each Interrogatory to the extent that it seeks information or documents for an unreasonable or irrelevant period of time.

12. In providing these responses, Farfield does not waive or intend to waive, but to the contrary, preserves and intends to preserve:

    a. objections as to competency, relevancy, materiality and admissibility;

    b. its rights to object on any ground to the use of any of the responses herein in any subsequent proceedings, including the trial of this or any other action; or

    c. its rights to object further on any ground to this or any other further discovery requests in this proceeding.

## INSTRUCTIONS AND DEFINITIONS

Farfield objects to the "Instructions" and "Definitions" sections of IBEW's Interrogatories to the extent that they seek to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or any case management orders that may be entered in this action.

SL1 1263199v6 040660.00031

## INTERROGATORIES

3.01. Identify each Person with whom you have consulted, upon whom you have relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories, listing with respect to each such Person, the number(s) of the Interrogatories to which the Person helped to prepare the answer, or with respect to which the Person was consulted, relied upon or otherwise constituted a source of information.

**RESPONSE: Farfield objects to this interrogatory because it seeks disclosure of attorney work-product; i.e., counsel's decision as to who counsel should consult in the preparation of these responses. Subject to and without waiving these objections, Dennis Pierce signed the Verification that accompanies these responses.**

3.02. Identify and describe all projects and jobs on which Farfield was involved or on which Farfield was engaged to perform work during the Contested Period, including the location of the project, the nature of the project, the general contractor and the owner, the identity of Farfield's foremen and supervisors on each project, and Identify all Farfield Employees who performed work on each project and state the type of work, including job classification, the dates and total number of hours (regular and overtime) worked by each such Employee on each such project, and their rates of pay.

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Interrogatories only with respect to the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and without waiving these objections, Farfield responds as follows:**

1. **<u>Girard Avenue Glenside Infrastructure Renewal Project</u>**

    **Subject to and without waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.**

4

2. <u>**Wayne Junction to Glenside Track and Signal Project**</u>

   Subject to and without waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.

3. <u>**SEPTA Smart Stations Phase I Project**</u>

   Subject to and without waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.

4. <u>**SEPTA Smart Stations Phase II Project**</u>

   Subject to and without waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.

5. <u>**PATCO Egress Lighting Project**</u>

   Subject to and without waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.

SL1 1263199v6 040660.00031

3.03. Identify all of Farfield's records covering the Contested Period that include information as to the work performed by Farfield Employees, the type of work, the dates and total number of hours worked by each Employee and Identify the Person or Persons responsible for maintaining such records.

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Interrogatories only with respect to the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and without waiving these objections, Farfield responds that each department within the Company is responsible for maintaining its own records. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.**

3.04. Identify the Person or Persons in the employ of Farfield or otherwise acting on its behalf who, during the Contested Period, are or were responsible for the preparation of payroll for Farfield's Employees and identify each and every Document used, relied upon or referred to by said Persons in such preparation.

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Interrogatories only with respect to the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and without waiving these objections, Farfield responds as follows: On each Project, Farfield's Contract Manager, Superintendent, Foremen, and, in many cases, the employees themselves are responsible for providing information leading to the preparation of payroll documents. Within Farfield's Payroll Department, Michelle Toburen, Becky Mossburg and Dave Fishel were responsible for inputting the information and preparing the payroll documents for Farfield's Employees**

6

on the Identified Projects. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.

    3.05. Identify and describe for each of the Identified Projects:

(a) Each Employee who performed work on the project, his dates of employment, job classification(s) [if the Employee held more than one job classification, provide the dates and time frames during which he held each such classification], his rate(s) of pay for each job classification and the identity of his foreman or immediate superior;

    **RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.**

(b) Each Employee who possessed supervisory authority, including but not limited to foremen, supervisors, superintendents and job or project managers and provide a description of each Persons' responsibilities; and

    **RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.**

(c) Any and all Documents that refer or relate to the hours worked by employees on the identified projects, their rates of pay, their job duties or tasks, including daily time records or reports, foreman's' reports, supervisor reports or any form of similar document or record.

    **RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield further objects to this Interrogatory to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure. Subject to and without**

7

waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.

  3.06. Identify and describe any and all Documents or reports that were prepared, maintained, submitted or recorded, of any kind or nature, that refer or relate to the performance of work by Employees on a daily, weekly or other basis in relation to the Identified Projects. In addition, Identify and describe the process by which each Document or report that was identified is prepared or maintained, the reasons for the creation of the Document, and the Person(s) who created the Document and to whom the Document was submitted.

  **RESPONSE:** **Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield further objects to this Interrogatory to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure. Subject to and without waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.**

  3.07. Identify and describe each Employee on each of the Identified Projects whose rate of pay was changed during the course of such project and, in relation to each, state:

  (b) The employee's initial wage rate and job classification;

  (c) The change(s) in the wage rate;

  (d) The reason(s) for the change;

  (e) The amount of the change; and

  (f) The person who approved such change.

**RESPONSE:** Farfield objects to this Interrogatory to the extent that it is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, <u>see</u> documents to be produced in response to IBEW's First Set of Document Requests.

> 3.08. Identify the Person or Persons responsible for preparing the bid submissions and determining and approving the bid amounts for all projects during the Contested Period, including but not limited to the Identified Projects, and Identify each and every Document used, relied upon or referred to by said Persons in such preparation. In relation to each Person identified, Identify the project(s) for which each Person was responsible.

**RESPONSE:** Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Interrogatories only with respect to the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and without waiving these objections, Scott Anton and Edward Krzanowsky were responsible for preparing the bid submissions and determining and approving the bid amounts for each of the Identified Projects. Joseph McGee, Sr. also participated in the preparation of some of the bid submissions while employed at Farfield. Subject to and without waiving these objections, <u>see also</u> documents to be produced in response to IBEW's First Set of Document Requests.

> 3.09. Describe in detail the procedure and processes by which bids for projects were prepared and submitted by the Person or Persons identified in the preceding interrogatory.

**RESPONSE:** Farfield objects to this Interrogatory to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield found and identified projects as bid opportunities. The Company then obtained bid documents, and assigned estimators

9

for review of the scope of work, take-off of materials and labor quantities, and subcontract needs. These items were sourced, priced, and collectively tabulated. Farfield then conducted a final review and assessment of values and modified the bid amount accordingly.

    3.10. For the Identified Projects, identify the Person or Persons responsible for determining the wage rates for each Employee and Identify each and every Document used, relied upon or referred to by said Persons in determining each Employee's wage rate.

    **RESPONSE:** Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the United States Department of Labor determined the wage rate for each classification for the Employees who performed work on the Identified Projects. Joseph McGee, Sr. was principally responsible for determining the job classifications of the employees on certain of the Identified Projects while he was employed by Farfield. After Joseph McGee, Sr. was no longer employed by Farfield, Edward Nescot and Robert Jackson were responsible for determining job classifications and rates of pay. John Kleimo also reviewed job classifications and rates of pay. All such determinations were based upon prevailing wage documents and classifications. Subject to and without waiving these objections, <u>see also</u> documents to be produced in response to IBEW's First Set of Document Requests.

10

3.11. For the Identified Projects, identify the Person or Persons responsible for determining the "phase code" assigned to work performed by each Employee and identify each and every Document used, relied upon or referred to by said Persons in making such a determination.

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's Project Superintendents were responsible for determining the "phase code" for the assigned work, based upon Farfield's job cost control system and the areas where the work was performed by each Employee. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.**

3.12. Describe in detail the procedure and processes by which the phase code was assigned to work performed by each Employee on each Identified Project and Identify the Person or Persons who approved the assignment of a phase code to the Employee(s).

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, upon award of the contracts for the Identified Projects, project labor hours were assigned to phases that were identified by production personnel to better manage and evaluate project performance. Farfield broke down job costs into identifiable work areas and tasks based on the contract documents and the type of work. Job cost phases and areas were identified by the production team, including on certain projects Joseph McGee, Sr., Robert Jackson, Chris Derr and Edward Nescot. This information was given to the Estimating Manager. When work was performed, it was coded to the labor phase and area identified. The Project Superintendents described the work performed on jobsite daily worksheets, and Chris Derr transferred this information to payroll reporting records. Subject to and without**

11

waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.

3.13. For the Identified Projects, Identify the Person or Persons responsible for the preparation and/or submission of certified payrolls and Identify each and every Document that was used, relied upon or referred to by said Persons in preparing and/or submitting certified payrolls.

**RESPONSE:** **Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see Farfield's response to Interrogatory 3.04, above. Generally, Corinne Sheaffer signed the certified payrolls. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.**

3.14. Identify the Person or Persons responsible for determining the job classifications and rates of pay for Employees performing work on the Identified Projects; describe in detail the procedures, processes and rationale used in making determinations in relation to job classifications and rates of pay; and Identify all Documents used [in] determining these job classifications and rates of pay.

**RESPONSE:** **Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see Farfield's response to Interrogatory 3.10. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.**

3.15. Identify and describe all computer software and hardware used by Farfield during the Contested Period for any purpose related to the Identified Projects, the periods of time during which the software and hardware was used, and the purpose for which it was used. If any computer software or hardware was replaced, explain whether Farfield retained the data maintained on the software and hardware.

12

RESPONSE:   Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Farfield used, *inter alia*, Microsoft Office 2003, Microsoft Office 2007 and Microsoft Office 2010, and Microsoft Windows 2003, Microsoft Windows XP, Microsoft Windows 2007 and Microsoft Windows 2010.  Farfield's jobsite/remote office computer systems have been upgraded several times.  Data from the hard drives of the computers of Joseph McGee, Sr., Chris Derr, Fred Cuthbert and Robert Jackson has been retained.  The individual computers have been updated or upgraded, but all records have been maintained to Farfield's knowledge.  Farfield upgraded its corporate computers in July 2012.  Its system has share files that are maintained with backup records of anything deposited on them.  The storage servers are on a Windows server network with back-up.   Prior to 2012, Farfield used a "U" Drive to backup its documents and data.  The "U" Drive was lost to a hard drive failure in March 2011.  Attempts were made to recover the data but were not successful.  Despite the failure of the "U" drive, Farfield believes that all relevant documents related to this case have been maintained in hard copy format as well as electronically on the individual computers.  The new mail server is a Microsoft Email exchange server.  The old mail server was on a separate server using "sendmail" operating on a Linux platform.  Subject to and without waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.

13

3.17. Identify and describe Farfield's Document retention, destruction, and storage policies throughout the relevant time period, including, but not limited to the length of time for which Documents are or were retained before destruction, the types of Documents that are or were destroyed, the manner in which Documents are or were retained and/or destroyed, the Person(s) responsible for the destruction of Documents, the Person(s) who direct(ed) the destruction of Documents, the manner in which Documents are or were stored, and any Documents referring or relating to Farfield's Document retention, destruction, and storage policies. For every Document that has been destroyed, provide the date on which it was destroyed and the reason why it was destroyed, and Identify the Person(s) who directed its destruction, the Person(s) who destroyed it, and the manner in which it was destroyed.

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.**

3.18. Describe in detail the basis, including all relevant facts and legal theories, relating to your defenses and Affirmative Defenses; Identify and describe all Documents which contain information referring or relating to your defenses and Affirmative Defenses; and Identify all witnesses upon whom and Documents upon which you will rely at trial to support your defenses or Affirmative Defenses.

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Farfield further objects to this Interrogatory to the extent that it is premature and imposes an obligation upon Farfield beyond that required by the Federal Rules of Civil Procedure or the Rules of this Court. Subject to and without waiving these objections, see Farfield's Initial Disclosures; all pleadings and briefs filed by Farfield to date in this litigation; and documents to be produced in response to IBEW's First Set of Document Requests. Farfield has not yet identified witnesses or documents upon which it will rely at trial. Farfield will supplement this response at the appropriate time, in accordance with the requirements of the Federal Rules of Civil Procedure and the Rules of this Court.**

14

3.19. Identify any Documents that are responsive to, refer to, or relate to these Interrogatories but which no longer exist or cannot be produced, and explain why they no longer exist or cannot be produced. If any of these Documents have been destroyed, either physically or electronically, Identify the Person(s) who ordered them destroyed and the Person(s) who destroyed them, the manner in which they were destroyed, the reason(s) why they were destroyed, when the order was given to destroy them, and when they were destroyed.

**RESPONSE: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield is not aware of any responsive documents that no longer exist or cannot be produced.**

Dated: November 22, 2013

STEVENS & LEE

_____
Susan R. Friedman, Esquire
Attorney I.D. No. 23741
51 South Duke Street
Lancaster, Pennsylvania 17602
(717) 399-6625

Zachary R. Davis, Esquire
Attorney I.D. No. 202401
1818 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 751-2874

Attorneys for The Farfield Company

15

## CERTIFICATE OF SERVICE

I, Zachary R. Davis, certify that on this 22nd day of November, 2013, I served a copy of the above Defendant's Responses to Relator/Plaintiff's First Set of Interrogatories via first-class mail, and thereby effected service upon counsel for Relators/Plaintiffs:

>Marc L. Gelman, Esquire
>Richard B. Sigmond, Esquire
>Moira Kulik, Esquire
>Jennings Sigmond, P.C.
>510 Walnut Street, Suite 1600
>Philadelphia, PA 19106-3683

_____
Zachary R. Davis

SL1 1263199v6 040660.00031

## VERIFICATION

I, Dennis Pierce, President, verify under penalty of perjury that the facts set forth in the foregoing responses are true and correct to the best of my knowledge, information and belief.

Executed on  11/19/13

*/s/ Dennis Pierce*
DENNIS PIERCE