UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel.<br>INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS,<br>LOCAL UNION NO. 98<br><br>    Relators/Plaintiffs<br>  v.<br><br>THE FARFIELD COMPANY<br><br>    Defendant | CIVIL ACTION NO. 09-4230<br><br>JUDGE STENGEL |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO RELATOR/PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

   Defendant The Farfield Company ("Farfield") responds to the First Set of

Requests for Production of Documents (the "Requests") of Relator/Plaintiff International

Brotherhood of Electrical Workers, Local Union No. 98 ("IBEW") as follows.

## PRELIMINARY STATEMENT

   These general objections are stated here to avoid restating them in their entirety

for each Request.  Farfield's responses to these Requests are based on information known to it at

this time and are set forth without prejudice to Farfield's right to additional objections or

supplemental responses should it discover additional information or grounds for objection.

Farfield reserves the right to supplement or amend these responses at any time prior to the trial of

this action.

## GENERAL OBJECTIONS

   The following general objections are incorporated into each and every response as

though fully set forth therein:



1.      Farfield objects to each Request to the extent that it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure.  Any inadvertent production of privileged information or documents shall not constitute a waiver of any privilege or immunity.

2.      Farfield objects to each Request to the extent that it seeks information or documents protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of Farfield.

3.      Farfield objects to each Request to the extent that it seeks information or documents from persons other than Farfield.

4.      Farfield objects to each Request to the extent that it seeks information or documents that are not relevant to the subject matter of this litigation.

5.      Farfield objects to each Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Farfield objects to each Request to the extent that it seeks information or documents not properly discoverable under the Federal Rules of Civil Procedure.

7.      Farfield objects to each Request to the extent that it is vague, ambiguous or conclusory in nature, or incapable of a response as phrased.

8.      Farfield objects to each Request to the extent that any attempt to respond would be unduly burdensome, expensive, harassing, or oppressive, insofar as it attempts to require Farfield to undertake an unreasonably burdensome investigation or to respond on behalf of persons other than Farfield.

9.      Farfield objects to each Request to the extent that it is overly broad.

2

10.     Farfield assumes no duty to supplement its responses except to the extent required by the Federal Rules of Civil Procedure.

11.     Farfield objects to each Request to the extent that it seeks information or documents for an unreasonable or irrelevant period of time.

12.     In providing these responses, Farfield does not waive or intend to waive, but to the contrary, preserves and intends to preserve:

a.     objections as to competency, relevancy, materiality and admissibility;

b.     its rights to object on any ground to the use of any of the responses herein in any subsequent proceedings, including the trial of this or any other action; or

c.     its rights to object further on any ground to this or any other further discovery requests in this proceeding.

## DEFINITIONS AND INSTRUCTIONS

Farfield objects to the "Instructions" and "Definitions" sections of the Requests to the extent IBEW seeks to impose obligations on Farfield beyond those required by the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

### DOCUMENT REQUEST 3.01:

Copies of any and all documents that are identified and/or described in your response to interrogatory numbers 3.01 through 3.19 in this case.

**RESPONSE:**  Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

SL1 1263198v4 040660.00031

**DOCUMENT REQUEST 3.02:**

All Documents identified in Farfield's Initial Disclosures pursuant to Rule 26(a).

**RESPONSE:** Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.03:**

All Documents that identify Persons and business entities employed by Farfield either as direct Employees or subcontractors on any job or project wherever located during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.04:**

Any and all payroll ledgers, earnings reports, personnel records and other Documents for all Employees of Farfield which delineate the Employee's name, social security number, job classification, work location, hours worked, rate of pay, gross pay, and payroll deductions from each week during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's

4

review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.05:

All payroll tax submissions (with all addendums, attachments or amendments) submitted by Farfield during the Contested Period above to any municipal, state and/or federal taxing authority.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST 3.06:

Documents that reflect the identity of all corporate officers of Farfield during each year of the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST 3.07:

Any and all documents that reflect, refer or relate to Farfield's policy regarding the use of cellular telephone or personal computers by Employees and corporate officers to conduct Farfield business, communicate with other Employees or corporate officers, or store Documents referring or relating to Farfield business.

5

**RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST 3.08:

Any financial statements, whether audited or unaudited, issued by or on behalf of Farfield during the Contested Period.

**RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST 3.09:

Any and all Documents that refer or relate to any investigations of Farfield conducted by the U.S. Department of Labor or any other local, state or Federal agency during the Contested Period.

**RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests.  Farfield further objects to this Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure.  Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

6

**DOCUMENT REQUEST 3.10:**

Any and all Documents evidencing, relating to or referring to payments or contributions for fringe benefits (including but not limited to pension benefits, health and welfare benefits, 401(k) contributions) made on behalf of Employees of Farfield during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.11:**

Any and all remittance forms, correspondence or other Documents which Farfield forwarded to or received from any employee benefit plan during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.12:**

Any Wage Determinations made by the U.S. Department of Labor referring or related to the Identified Projects.

7

**RESPONSE:**  Farfield objects to this Request to the extent that the documents it seeks are publically available and are as easily accessed by IBEW as by Farfield.  Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.13:

All construction contracts or other agreements between Farfield and any Person, corporation, partnership or other form of business entity which evidence, refer or relate to work performed (or to be performed) by Farfield during the Contested Period, including but not limited to, work performed on the Identified Projects.

**RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests.  Subject to and without waiving these objections, see Farfield's responses to Document Requests 3.32, 3.33, 3.34 and 3.35.

## DOCUMENT REQUEST 3.14:

All bid documents submitted by Farfield during the Contested Period, including, but not limited to bids submitted for the Identified Projects.

**RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests.  Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

8

**DOCUMENT REQUEST 3.15:**

All Documents referring or relating to the bid documents identified in request number 3.14 or utilized or considered by Farfield in preparing the bid documents.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.16:**

Any and all Documents that reflect, refer or relate to communications among any Farfield executive officers or any Employee(s) who would have participated in the bidding process concerning the preparation of bid submissions and the determination of bid amounts during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests, and only with respect to Farfield executive officers and/or Employees who actually did participate in the bidding process. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.17:**

Any and all Documents that reflect, refer or relate to communication among any Farfield executive officers or any Employee(s) who would have participated in the bidding process concerning the preparation of bid submissions and the determination of bid amounts for the Identified Projects.

9

**RESPONSE:** Farfield objects to this Request to the extent that it is vague and overly broad. Farfield will respond to this Request only with respect to Farfield executive officers and/or Employees who actually did participate in the bidding process. Subject to and without waiving this objection, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.18:

All internal reports generated by Farfield in connection with work performed on the Identified Projects.

**RESPONSE:** Farfield objects to this Request to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.19:

All daily time sheets or other type of work report(s) covering the Identified Projects that show for each Employee the nature of the work being performed on a daily or weekly basis.

**RESPONSE:** Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.20:

All daily time sheets or other type of work report(s) covering the Contested Period that show for each Employee the nature of the work being performed on a daily or weekly basis.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.21:

All documents containing information about job titles or job classifications of Employees of Farfield in the Contested Period including, but not limited to, Employees working on the Identified Projects.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.22:

All documents that identify the work performed by Employees, the location of the work and a description of the work performed, including but not limited to foreman's reports and foreman's logs, during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, see Farfield's response to Document Request 3.23.

11

**DOCUMENT REQUEST 3.23:**

All documents that identify the work performed by Employees, the location of the work and a description of the work performed, including but not limited to foreman's reports and foreman's logs for Identified Projects.

**RESPONSE:** Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.24:**

All documents containing a phase code assigned to Employees for the Identified Projects.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.25:**

All e-mails and internal memoranda referring or relating to the Identified Projects.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield further objects to this Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.26:**

All documents identifying projects on which Farfield performed any services or to which Farfield delivered any materials in the Contested Period, including documents that will identify the name of each project, its location, the date(s) the work was performed or materials delivered, and the identity of Farfield's Employees who performed the services.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST 3.27:**

Any and all documents setting forth, evidencing, relating to or referring to the rate of pay received by each of Farfield's Employees during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, see Farfield's response to Document Request 3.28.

**DOCUMENT REQUEST 3.28:**

Any and all documents setting forth, evidencing, relating to or referring to the rate of pay received by each of Farfield's Employees for Identified Projects.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

13

**DOCUMENT REQUEST 3.29:**

Any and all documents that refer or relate to the wage rates of Employees performing work on the Identified Projects.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.30:**

Any and all documents that refer or relate to the classification of Employees performing work on the Identified Projects.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.31:**

All contracts, subcontracts or other agreements between Farfield and any Person, Corporation, partnership or Organization which evidence, refer or relate to work performed (or to be performed) by Farfield during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, see Farfield's responses to Document Requests 3.32, 3.33, 3.34 and 3.35.

**DOCUMENT REQUEST 3.32:**

To the extent not covered by any other request, all contracts between SEPTA and Farfield covering work performed during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, <u>see</u> Farfield's response to Document Request 3.35.

**DOCUMENT REQUEST 3.33:**

To the extent not covered by any other request, all contracts between PATCO and Farfield covering work performed during the Contested Period.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, <u>see</u> Farfield's response to Document Request 3.34.

**DOCUMENT REQUEST 3.34:**

All contracts between PATCO and Farfield concerning the Identified Projects.

**RESPONSE:** Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.35:**

All contracts between SEPTA and Farfield concerning the Identified Projects.

**RESPONSE:**  Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.36:**

All employment or personnel files and other employment-related documents for Employees who worked on the Identified Projects.

**RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees.

**DOCUMENT REQUEST 3.37:**

All certified payrolls prepared by or on behalf of Farfield on any project during the Contested Period, including, but not limited to, the Identified Projects.

**RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests.  Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

SL1 1263198v4 040660.00031

**DOCUMENT REQUEST 3.38:**

  Any and all Documents relating or referring to the attendance at any electrical apprenticeship program by any Employee who performed work during the Contested Period.

    **RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests.  Subject to and without waiving these objections, see Farfield's response to Document Request 3.39.

**DOCUMENT REQUEST 3.39:**

  Any and all Documents relating or referring to the attendance at any electrical apprenticeship program by any Employee who performed work on the Identified Projects.

    **RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.40:**

  Any and all documents evidencing the type of internal or interoffice electronic mail system(s) utilized by Farfield during the Contested Period (including the software program or programs utilized by Farfield for electronic mail, service provider or providers used – such as America Online – if applicable, and computer hardware used).

    **RESPONSE:**  Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

SL1 1263198v4 040660.00031

## DOCUMENT REQUEST 3.41:

Any and all documents setting forth or related to Farfield's document retention policies (including retention policies applicable to electronic mail and other computerized documents).

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.42:

Any and all documents setting forth or related to Farfield's document destruction policies (including retention destruction policies applicable to electronic mail and other computerized documents).

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.43:

All documents with reference to or written policies, procedures and guidelines related to Defendant's computers, computer systems, electronic data and electronic media including, but not limited to, the following:

    a.  Backup tape rotation schedules;

    b.  Electronic data retention, preservation and destruction schedules;

    c.  Employee usage policies for company computers, telephones, and other technology;

18

    d.   Company-wide monitoring software;

    e.   File naming conventions and standards;

    f.   Password, encryption, and other security protocols;

    g.   Diskette, CD, DVD, and other removable media labeling standards;

    h.   Email storage conventions (e.g., limitations on mailbox sizes/storage locations; schedule and logs for storage);

    i.   Help features or documentation;

    j.   Electronic media deployment, allocation, and maintenance procedures for new employees, current employees, or departed employees;

    k.   Software and hardware upgrades (including patches) during the Contested Period (including who and what organization conducted such upgrades); and

    l.   Personal or home computer usage policies for work-related activities.

**RESPONSE:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST 3.44:

A complete copy of Farfield's Articles of Incorporation.

**RESPONSE:** Farfield objects to this Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

## DOCUMENT REQUEST 3.45:

SL1 1263198v4 040660.00031

A complete copy of Farfield's Certificate of Incorporation.

**RESPONSE:** Farfield objects to this Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**DOCUMENT REQUEST 3.46:**

Complete copies of the following corporate documents of Farfield:

    a.  By-laws as amended;

    b.  Complete minute books;

    c.  Complete stock books including stock transfer ledger;

    d.  A list of all shareholders;

    e.  A list of all directors and officers serving at present;

    f.  Shareholders' agreements;

    g.  A list of jurisdictions in which corporation has qualified to do business, has filed tax returns in the last five years and in which the corporation does business;

    h.  Year-end financial statements for the last three years;

    i.  Auditors' work papers;

    j.  All interim statements since last year-end adjustment;

    k.  Summary of timing differences between books and tax returns with reconciliation between provision for income taxes and income taxes actually paid.

    l.  Complete copies of all corporate minutes of Board of Directors' meetings.

**RESPONSE:** Farfield objects to this Request to the extent that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST 3.47:**

Complete copies of any and all insurance policies and related documents (including declaration sheets) which cover (or may cover) the claim(s) made by Plaintiff (including excess or umbrella policies).

**RESPONSE:**  Farfield objects to this Request to the extent that it is vague and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Farfield responds that there is no insurance policy covering the claims made by IBEW in this action.

**DOCUMENT REQUEST 3.48:**

Complete copies of any and all documents indicating whether any insurer is defending the instant case pursuant to a reservation of rights.

**RESPONSE:**  Farfield objects to this Request to the extent that it is vague and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Farfield responds that no insurer is defending the instant case pursuant to a reservation of rights.

**DOCUMENT REQUEST 3.49:**

Complete copies of any and all documents indicating whether any insurer has refused to defend or indemnify Defendant in the instant case and the reasons for such decision.

**RESPONSE:**  Farfield objects to this Request to the extent that it is vague and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Farfield responds that no insurer has refused to defend or indemnify Farfield in the instant case.

SL1 1263198v4 040660.00031

**DOCUMENT REQUEST 3.50:**

Any statements prepared in connection with this litigation.

      **RESPONSE:**  Farfield objects to this Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure.  Subject to and without waiving these objections, see affidavits filed with Farfield's previous filings in this case, which have been served on IBEW.  Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

Dated:  November 22, 2013        STEVENS & LEE

                            Susan R. Friedman, Esquire
                            Attorney I.D. No. 23741
                            51 South Duke Street
                            Lancaster, Pennsylvania  17602
                            (717) 399-6625

                            Zachary R. Davis, Esquire
                            Attorney I.D. No. 202401
                            1818 Market Street, 29th Floor
                            Philadelphia, PA 19103
                            (215) 751-2874

                            Attorneys for The Farfield Company

SL1 1263198v4 040660.00031

## CERTIFICATE OF SERVICE

I, Zachary R. Davis, certify that on this 22nd day of November, 2013, I served a copy of

the above Defendant's Responses to Relator/Plaintiff's First Request for Production of

Documents via first-class mail, and thereby effected service upon counsel for Relators/Plaintiffs:

Marc L. Gelman, Esquire
Richard B. Sigmond, Esquire
Moira Kulik, Esquire
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA  19106-3683

Zachary R. Davis