

JENNINGS
SIGMOND
ATTORNEYS AT LAW

JENNINGS SIGMOND, P.C.
ONE WASHINGTON SQUARE
510 WALNUT STREET
16TH FLOOR
PHILADELPHIA, PA 19106-3683
215-922-6700
FAX 215-922-3524

Marc L. Gelman
Direct Dial: (215) 351-0623
E-Mail Address: mgelman@jslex.com

Member PA & NJ Bars

August 17, 2015

**VIA E-MAIL and**
**FIRST CLASS MAIL**
Susan Friedman, Esquire
Stevens & Lee
51 South Duke St.
Lancaster, PA 17602

Re:   **United States of America, ex rel. International Brotherhood of Electrical**
      **Workers, Local Union No. 98 v. The Farfield Company**
      **Civil Action No. 09-4230**

Dear Ms. Friedman:

The purpose of this correspondence is to address a number of deficiencies in Farfield's responses to Local 98's Interrogatories and Request for production of Documents ("RFP.") It is my intention to identify with particularity the responses that are either altogether non-responsive to Local 98's request, or are substantially incomplete. I am requesting that you cure these deficiencies and provide the requested information within ten (10) days.

As you know, Farfield's discovery production, particularly its production of documents, has taken place over an extended period of time due to both the voluminous number of documents as well as an agreed-upon hold during the period of time where the parties' focus turned toward a potential settlement through the mediation process. The most recent, and final, portion of discovery was provided on July 27, 2015 in the form of the remaining "confidential" documents totaling approximately 12,000 pages. The documents were designated by Farfield as confidential pursuant the terms of the parties' negotiated Confidentiality Stipulation.

Ultimately, Farfield has produced approximately 250,000 pages of documentation. We have, in turn, reviewed each page. As you are aware, Farfield did not provide any manner of index or organizational system to separate or distinguish the documents, either chronologically or by topic, nor did you identify in your actual responses to the RFPs a designation as to which



EXHIBIT
5

Susan Friedman, Esquire
August 17, 2015
Page 2

documents were responsive to which request. Instead, other than stating a particular objection, your response consisted of the following rote rejoinder:

> Subject to and without waiving [the] objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

Due to the lack of any specificity and the absence of any designation which might assist us in determining which documents were responsive to which of the fifty (50) RFPs submitted, we undertook the arduous task of reviewing each page of each document in order to determine, exactly, what documents were in our possession; and of course, which were not.

Much of the "non-confidential" documents provided during 2014 and the earlier part of 2015 constituted payroll records and timesheets. As a consequence, they were easier to review in a prompt and organized manner. However, the confidential documents, and particularly the last 12,000 received in July, were significantly more difficult to segregate and organize.

Having completed this painstaking process, we are now in a position to "take stock" of your completed RFP responses, and are able, for the first time, to determine which of our initial requests have been answered adequately, and which have garnered incomplete responses, improper objections, or ignored altogether. In this regard for each RFP or Interrogatory at issue, I will identify below the request submitted, Farfield's response, and an explanation as to why a more complete response is required. As I noted above, Local 98's expectation is that you will provide complete and adequate responses to the requests below within seven (7) days.

## REQUEST FOR PRODUCTION OF DOCUMENTS

3.03    Documents that identify Persons and business entities employed by Farfield either as

direct Employees or subcontractors on any job or project wherever located during the Contested

Period.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential

2

Susan Friedman, Esquire
August 17, 2015
Page 3

> information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency**: Farfield has limited its document production to the Identified Projects ("Girard Project," "PATCO Project," "Smart Stations I," "Smart Stations II" and "Wayne Junction Project."). In addition, Farfield has not produced any documentation identifying subcontractors that performed work during the Contested Period.


3.04     Any and all payroll ledgers, earnings reports, personnel records and other Documents for all Employees of Farfield which delineate the Employee's name, social security number, job classification, work location, hours worked, rate of pay, gross pay, and payroll deductions from each week during the Contested Period.

> **Response:** Farfield objects to this Request to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency**: Farfield has limited its document production to the Identified Projects.

Even with respect to the Identified Projects, Farfield has produced no documents responsive to this request, with the exception of phase-code time sheets and certified payroll (with social security numbers redacted and company addresses). Omitted documents include: payroll ledgers, earnings reports, and personnel records which delineate the Employee's name,

3

Susan Friedman, Esquire
August 17, 2015
Page 4

full social security number, job classification, work location, hours worked, rate of pay, gross

pay, and payroll deductions from each week during the Contested Period.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

3.05    All payroll tax submissions (with all addendums, attachments or amendments) submitted

by Farfield during the Contested Period above to any municipal, state and/or federal taxing

authority.

**Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
burdensome and not reasonably calculated to lead to the discovery of admissible
evidence.

**Deficiency**: Farfield has produced no documents in response to this request.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

3.08    Any financial statements, whether audited or unaudited, issued by or on behalf of Farfield

during the Contested Period.

**Response:** Farfield objects to this Request to the extent that it is overly broad and not
reasonably calculated to lead to the discovery of admissible evidence.

**Deficiency**: Farfield has produced no documents in response to this request.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

4

Susan Friedman, Esquire
August 17, 2015
Page 5

3.10    Any and all Documents evidencing, relating to or referring to payments or contributions

for fringe benefits (including but not limited to pension benefits, health and welfare benefits,

401(k) contributions) made on behalf of Employees of Farfield during the Contested Period.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Farfield will respond to this and subsequent Requests only with respect to the
> Identified Projects, as that term is defined in the Requests. Farfield further objects to this
> Request to the extent that it calls for the production of personal and confidential
> information regarding Farfield's employees. Subject to and without waiving these
> objections, Farfield's review of potentially responsive documents is ongoing, and Farfield
> will produce documents in accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced no documents responsive to this request with the exception of

a single document identified as "Deduction Calculations" for the year 2003. (Bates Stamp no.

241835, attached as Exhibit A.)  Plaintiff requests the corresponding "Deduction Calculation"

document for the remainder of the Contested Period, 2001 to 2013 as well as all Documents

evidencing, relating to or referring to payments or contributions for fringe benefits (including but

not limited to pension benefits, health and welfare benefits, 401(k) contributions) made on behalf

of Employees of Farfield during the Contested Period. .

        To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

3.11    Any and all remittance forms, correspondence or other Documents which Farfield

forwarded to or received from any employee benefit plan during the Contested Period.

Susan Friedman, Esquire
August 17, 2015
Page 6

**Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced no documents in response to this request.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.13    All construction contracts or other agreements between Farfield and any Person, corporation, partnership or other form of business entity which evidence, refer or relate to work performed (or to be performed) by Farfield during the Contested Period, including but not limited to, work performed on the Identified Projects.

**Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, see Farfield's responses to Document Requests 3.32, 3.33, 3.34 and 3.35.

**Deficiency:** Farfield has limited its response to the Identified Projects.  Moreover, it has failed to provide copies of bid proposals submitted to SEPTA for Smart Station I and Smart Station II.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

6

Susan Friedman, Esquire
August 17, 2015
Page 7

3.14    All bid documents submitted by Farfield during the Contested Period, including, but not

limited to bids submitted for the Identified Projects.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Farfield will respond to this and subsequent Requests only with respect to the
> Identified Projects, as that term is defined in the Requests. Subject to and without
> waiving these objections, Farfield's review of potentially responsive documents is
> ongoing, and Farfield will produce documents in accordance with the agreement between
> the Parties.

**Deficiency:** See response to RFP 3.13.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.16    Any and all Documents that reflect, refer or relate to communication among any Farfield

executive officers or any Employee(s) who would have participated in the bidding process

concerning the preparation of bid submissions and the determination of bid amounts during the

Contested Period.

> **Response:** Farfield objects to this Request to the extent that it is vague, overly broad,
> unduly burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Farfield will respond to this and subsequent Requests only with respect to the
> Identified Projects, as that term is defined in the Requests, and only with respect to
> Farfield executive officers and/or Employees who actually did participate in the bidding
> process. Subject to and without waiving these objections, Farfield's review of potentially
> responsive documents is ongoing, and Farfield will produce documents in accordance
> with the agreement between the Parties.

**Deficiency:**  Based upon the above response and Farfield's failure to identify or categorize its

responses, Plaintiff is unable to determine whether any documents responsive to this request

Susan Friedman, Esquire
August 17, 2015
Page 8

have been provided.  Plaintiff is therefore left to assume that Farfield has not provided any

documents responsive to this request.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.18    All internal reports generated by Farfield in connection with work performed on the

Identified Projects.

> **Response**: Farfield objects to this Request to the extent that it is vague, overly broad,
> unduly burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Subject to and without waiving these objections, Farfield's review of
> potentially responsive documents is ongoing, and Farfield will produce documents in
> accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced only partial documentation in response to this request.  See

Exhibit B with respect to missing time-periods.  Moreover, we have been provided what are

identified as a "Daily Report" for certain dates on the PATCO project only that contain the

names of the employees performing the work (See Bates Stamp nos. 239867, 23968, 23969,

239870, 23971, collectively marked as Exhibit C.)  We are seeking comparable documents for

the remainder of the Identified Projects.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.19    All daily time sheets or other type of work report(s) covering the Identified Projects that

show for each Employee the nature of the work being performed on a daily or weekly basis.

8

Susan Friedman, Esquire
August 17, 2015
Page 9

**Response:** Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency:** See response to RFP 3.18.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).


3.21    All documents containing information about job titles or job classifications of Employees of Farfield in the Contested Period including, but not limited to, Employees working on the Identified Projects.

**Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced only partial documentation in response to this request: foreman reports, phase code time sheets, and certified payroll with certain time gaps – see Exhibit B.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

9

Susan Friedman, Esquire
August 17, 2015
Page 10

3.22    All documents that identify the work performed by Employees, the location of the work

and a description of the work performed, including but not limited to foreman's reports and

foreman's logs, during the Contested Period.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Farfield will respond to this and subsequent Requests only with respect to the
> Identified Projects, as that term is defined in the Requests. Subject to and without
> waiving these objections, see Farfield's response to Document Request 3.23.

**Deficiency:** Farfield has produced only partial documentation in response to this request. See

Exhibit B.

> To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.23    All documents that identify the work performed by Employees, the location of the work

and a description of the work performed, including but not limited to foreman's reports and

foreman's logs for Identified Projects.

> **Response:** Farfield's review of potentially responsive documents is ongoing, and Farfield
> will produce documents in accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced only partial documentation in response to this request. See

Exhibit B.

> To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

Susan Friedman, Esquire
August 17, 2015
Page 11

3.24    All documents containing a phase code assigned to Employees for the Identified Projects.

>   **Response:** Farfield objects to this Request to the extent that it is overly broad and not
>   reasonably calculated to lead to the discovery of admissible evidence. Subject to and
>   without waiving these objections, Farfield's review of potentially responsive documents
>   is ongoing, and Farfield will produce documents in accordance with the agreement
>   between the Parties.

**Deficiency:** Farfield has produced only partial documentation in response to this request.  See

exhibit B.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.26    All documents identifying projects on which Farfield performed any services or to which

Farfield delivered any materials in the Contested Period, including documents that will identify

the name of each project, its location, the date(s) the work was performed or materials delivered,

and the identity of Farfield's Employees who performed the services.

>   **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
>   burdensome and not reasonably calculated to lead to the discovery of admissible
>   evidence.

**Deficiency:** Farfield has produced only partial documentation in response to this request.

Farfield refused to produce documents other than the Identified Projects, and various time-gaps

exist with respect to the Identified Projects.  See Exhibit B.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

11

Susan Friedman, Esquire
August 17, 2015
Page 12

3.27    Any and all documents setting forth, evidencing, relating to or referring to the rate of pay received by each of Farfield's Employees during the Contested Period.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Farfield further objects to this Request to the extent that it calls for the production of personal and confidential information regarding Farfield's employees. Subject to and without waiving these objections, see Farfield's response to Document Request 3.28.

**Deficiency:** With the exception of redacted certified payrolls (with numerous time gaps – see Exhibit B) Farfield has not complied with this request.  Moreover, only Identified Projects are addressed.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.28    Any and all documents setting forth, evidencing, relating to or referring to the rate of pay received by each of Farfield's Employees for Identified Projects.

> **Response:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency:** See response to RFP 3.27.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

Susan Friedman, Esquire
August 17, 2015
Page 13

3.29    Any and all documents that refer or relate to the wage rates of Employees performing

work on the Identified Projects.

> **Response:** Farfield objects to this Request to the extent that it is overly broad and not
> reasonably calculated to lead to the discovery of admissible evidence. Farfield further objects
> to this Request to the extent that it calls for the production of personal and confidential
> information regarding Farfield's employees. Subject to and without waiving these objections,
> Farfield's review of potentially responsive documents is ongoing, and Farfield will produce
> documents in accordance with the agreement between the Parties.

**Deficiency:** With the exception of redacted certified payrolls (with numerous time gaps – see

Exhibit B) Farfield has not complied with this request.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

3.30    Any and all documents that refer or relate to the classification of Employees performing

work on the Identified Projects.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Subject to and without waiving these objections, Farfield's review of
> potentially responsive documents is ongoing, and Farfield will produce documents in
> accordance with the agreement between the Parties.

**Deficiency:** Absent specificity in Farfield's responses, Plaintiff is unable to determine which, if

any, responses address this RFP.

To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).

Susan Friedman, Esquire
August 17, 2015
Page 14

3.31    All contracts, subcontracts or other agreements between Farfield and any Person,

Corporation, partnership or Organization which evidence, refer or relate to work performed (or

to be performed) by Farfield during the Contested Period.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Farfield will respond to this and subsequent Requests only with respect to the
> Identified Projects, as that term is defined in the Requests. Subject to and without
> waiving these objections, see Farfield's responses to Document Requests 3.32, 3.33, 3.34
> and 3.35.

**Deficiency:** Farfield has only produced documentation related to the Identified Projects.

Moreover, Farfield has not produced any subcontracts, even though it utilized various

subcontractors. ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

        To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.32    To the extent not covered by any other request, all contracts between SEPTA and Farfield

covering work performed during the Contested Period.

> **Response:** Farfield objects to this Request to the extent that it is overly broad and not
> reasonably calculated to lead to the discovery of admissible evidence. Farfield will
> respond to this and subsequent Requests only with respect to the Identified Projects, as
> that term is defined in the Requests. Subject to and without waiving these objections, see
> Farfield's response to Document Request 3.35.

Susan Friedman, Esquire
August 17, 2015
Page 15

**Deficiency**: Farfield has produced only partially responsive documentation, and has included no

responsive documents on projects other than the Identified Projects.  Farfield has not produced

bid submissions for Smart Station I and II projects.

      To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.36    All employment or personnel files and other employment-related documents for

Employees who worked on the Identified Projects.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Farfield further objects to this Request to the extent that it calls for the
> production of personal and confidential information regarding Farfield's employees.

**Deficiency**: With the exception of a few paystubs, Farfield has not provided any information

responsive to this request.  The absence of any personnel files is particularly troubling because

"personnel records" were specifically considered by the parties in the drafting of Section 6(g) of

the Confidentiality Stipulation.

      To the extent that you maintain that you have fully complied with this request, please

provide Bates Stamp number(s) for the responsive document(s).


3.37    All certified payrolls prepared by or on behalf of Farfield on any project during the

Contested Period, including, but not limited to, the Identified Projects.

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly
> burdensome and not reasonably calculated to lead to the discovery of admissible

Susan Friedman, Esquire
August 17, 2015
Page 16

evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency**: Farfield has produced only partially responsive documentation.  No "certifications" have been provided for any time-period beyond 2006. In addition, time-gaps and other deficiencies exist with respect to the Wayne Junction and Smart Station I and II projects.  See Exhibit B.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.38    Any and all Documents relating or referring to the attendance at any electrical apprenticeship program by any Employee who performed work during the Contested Period.

**Response:** Farfield objects to this Request to the extent that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Requests only with respect to the Identified Projects, as that term is defined in the Requests. Subject to and without waiving these objections, see Farfield's response to Document Request 3.39.

**Deficiency**: Farfield has produced no documentation in response to this request.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.39    Any and all Documents relating or referring to the attendance at any electrical apprenticeship program by any Employee who performed work on the Identified Projects.

16

Susan Friedman, Esquire
August 17, 2015
Page 17

> **Response:** Farfield objects to this Request to the extent that it is overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced no documentation in response to this request.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.40    Any and all documents evidencing the type of internal or interoffice electronic mail system(s) utilized by Farfield during the Contested Period (including the software program or programs utilized by Farfield for electronic mail, service provider or providers used - such as America Online - if applicable, and computer hardware utilized).

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Deficiency:** Farfield has produced no documentation responsive to this request.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.41    Any and all documents setting forth or related to Farfield's document retention policies (including retention policies applicable to electronic mail and other computerized documents).

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of

Susan Friedman, Esquire
August 17, 2015
Page 18

potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced no documentation responsive to this request.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.42    Any and all documents setting forth or related to Farfield's document destruction policies (including retention destruction policies applicable to electronic mail and other computerized documents).

> **Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's review of potentially responsive documents is ongoing, and Farfield will produce documents in accordance with the agreement between the Parties.

**Deficiency:** Farfield has produced no documentation responsive to this request.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

3.43    All documents with reference to or written policies, procedures and guidelines related to Defendant's computers, computer systems, electronic data and electronic media including, but not limited to, the following:

a.    Backup tape rotation schedules;

b.    Electronic data retention, preservation and destruction schedules;

18

Susan Friedman, Esquire
August 17, 2015
Page 19

     c.     Employee usage policies for company computers, telephones, and other technology;

     d.     Company-wide monitoring software;

     e.     File naming conventions and standards;

     f.     Password, encryption, and other security protocols;

     g.     Diskette, CD, DVD, and other removable media labeling standards;

     h.     Email storage conventions (e.g., limitations on mailbox sizes/storage locations; schedule and logs for storage);

     i.     Help features or documentation;

     j.     Electronic media deployment, allocation, and maintenance procedures for new employees, current employees, or departed employees;

     k.     Software and hardware upgrades (including patches) during the Contested Period (including who and what organization conducted such upgrades); and

     l.     Personal or home computer usage policies for work-related activities.

**Response:** Farfield objects to this Request to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Deficiency:** Farfield has produced no documentation responsive to this request.

To the extent that you maintain that you have fully complied with this request, please provide Bates Stamp number(s) for the responsive document(s).

Susan Friedman, Esquire
August 17, 2015
Page 20

**INTERROGATORIES**


3.02    Identify and describe all projects and jobs on which Farfield was involved or on which

Farfield was engaged to perform work during the Contested Period, including the location of the

project, the nature of the project, the general contractor and the owner, the identity of Farfield's

foremen and supervisors on each project, and Identify all Farfield Employees who performed

work on each project and state the type of work, including job classification, the dates and total

number of hours (regular and overtime) worked by each such Employee on each such project,

and their rates of pay.

> **Response:** Farfield objects to this Interrogatory to the extent that it is overly broad,
> unduly burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Farfield will respond to this and subsequent Interrogatories only with respect to
> the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and
> without waiving these objections, Farfield responds as follows:
>
> 1. Girard Avenue Glenside Infrastructure Renewal Project
> Subject to and without waiving these objections, see documents to be produced in
> response to IBEW's First Set of Document Requests.
> 2. Wayne Junction to Glenside Track and Signal Project
> Subject to and without waiving these objections, see documents to be produced in
> response to IBEW's First Set of Document Requests.
> 3. SEPTA Smart Stations Phase I Project
> Subject to and without waiving these objections, see documents to be produced in
> response to IBEW's First Set of Document Requests.
> 4. SEPTA Smart Stations Phase II Project
> Subject to and without waiving these objections, see documents to be produced in
> response to IBEW's First Set of Document Requests.
> 5. PATCO Egress Lighting Project
> Subject to and without waiving these objections, see documents to be produced in
> response to IBEW's First Set of Document Requests.

Susan Friedman, Esquire
August 17, 2015
Page 21

**Deficiency**: Farfield has not responded to this request other than indentifying the five Identified Projects and stating "see documents."

In addition to only identifying the "Identified Projects, Farfield has failed to provide any of the specifically requested information, including: the location of the project, the nature of the project, the general contractor and the owner, the identity of Farfield's foremen and supervisors on each project, and Identify all Farfield Employees who performed work on each project and state the type of work, including job classification, the dates and total number of hours (regular and overtime) worked by each such Employee on each such project, and their rates of pay.

To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).


3.03    Identify all of Farfield's records covering the Contested Period that include information as to the work performed by Farfield Employees, the type of work, the dates and total number of hours worked by each Employee and Identify the Person or Persons responsible for maintaining such records.

> **Response:** Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Interrogatories only with respect to the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and without waiving these objections, Farfield responds that each department within the Company is responsible for maintaining its own records. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.

Susan Friedman, Esquire
August 17, 2015
Page 22

**Deficiency**: Farfield has not responded to this request in any manner whatsoever, other than stating "see documents," and "each department within the Company is responsible for maintaining its own records."

To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).

3.04    Identify the Person or Persons in the employ of Farfield or otherwise acting on its behalf who, during the Contested Period, are or were responsible for the preparation of payroll for Farfield's Employees and identify each and every Document used, relied upon or referred to by said Persons in such preparation.

> **Response:** Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Interrogatories only with respect to the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and without waiving these objections, Farfield responds as follows: On each Project, Farfield's Contract Manager, Superintendent, Foremen, and, in many cases, the employees themselves are responsible for providing information leading to the preparation of payroll documents. Within Farfield's Payroll Department, Michelle Toburen, Becky Mossburg and Dave Fishel were responsible for inputting the information and preparing the payroll documents for Farfield's Employees on the Identified Projects. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield has only partially responded to this interrogatory.  It has merely identified the name of the persons involved in the payroll process.  Section 2.19 of the "Definitions" contained in Plaintiff's interrogatories indicates that the term "Identify," when used in

Susan Friedman, Esquire
August 17, 2015
Page 23

connection with a natural person, requires the responding party to provide: (a) Full legal name

and position; (b) title; (c) present or last known position and business affiliation; (d) position and

business affiliation at the time in question; and (e) present or last known address.  Farfield has

complied only with sub-section (a).

Farfield has additionally failed to identify "each and every Document used, relied upon or

referred to by said Persons in such preparation."

Farfield also failed to specifically identify by name its Contract Manager,

Superintendent," and "Foremen."

To the extent that you maintain that the content of a particular document or documents

constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for

the responsive document(s).


3.05    Identify and describe for each of the Identified Projects:

(a)      Each Employee who performed work on the project, his dates of employment, job

classification(s) [if the Employee held more than one job classification, provide

the dates and time frames during which he held each such classification], his

rate(s) of pay for each job classification and the identity of his foreman or

immediate superior;

**Response:** Farfield objects to this Interrogatory to the extent that it is overly broad and
not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and
without waiving these objections, see documents to be produced in response to IBEW's
First Set of Document Requests.

Susan Friedman, Esquire
August 17, 2015
Page 24

**Deficiency**: Farfield has failed to adequately respond to this interrogatory.  It has failed to identify any Employee who performed work on the project, his dates of employment, job classification(s), his rate(s) of pay for each job classification and the identity of his foreman or immediate superior

To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).

     (b)     Each Employee who possessed supervisory authority, including but not limited to foremen, supervisors, superintendents and job or project managers and  provide a description of each Persons' responsibilities; and

**Response:** Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield has failed to adequately respond to this interrogatory.  It has not identified any supervisors.  To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).

     (c)     Any and all Documents that refer or relate to the hours worked by employees on the identified projects, their rates of pay, their job duties or tasks, including daily time records or reports, foreman's' reports, supervisor reports or any form of similar document or record.

24

Susan Friedman, Esquire
August 17, 2015
Page 25

**Response:** Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield further objects to this Interrogatory to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure. Subject to and without waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.

**Deficiency:** Farfield has failed to adequately respond to this interrogatory by identifying any of the requested documents. To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).

3.06    Identify and describe any and all Documents or reports that were prepared, maintained, submitted or recorded, of any kind or nature, that refer or relate to the performance of work by Employees on a daily, weekly or other basis in relation to the Identified Projects. In addition, Identify and describe the process by which each Document or report that was identified is prepared or maintained, the reasons for creation of the Document, and the Person(s) who created the Document and to whom the Document was submitted.

**Response:** Farfield objects to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield further objects to this Interrogatory to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other applicable privilege or immunity from disclosure. Subject to and without

25

Susan Friedman, Esquire
August 17, 2015
Page 26

waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield has failed to adequately respond to this interrogatory and has failed to identify and describe any Documents or reports that were prepared, maintained, submitted or recorded, of any kind or nature, that refer or relate to the performance of work by Employees on a daily, weekly or other basis in relation to the Identified Projects and similarly failed to identify and describe the process by which each Document or report that was identified is prepared or maintained, the reasons for creation of the Document, and the Person(s) who created the Document and to whom the Document was submitted.. To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).


3.07    Identify and describe each Employee on each of the Identified Projects whose rate of pay was changed during the course of such project and, in relation to each, state:

(a)     The employee's initial wage rate and job classification;

(b)     The change(s) in the wage rate;

(c)     The reasons(s) for the change;

(d)     The amount of the change; and

(e)     The person who approved such change.

**Response**: Farfield objects to this Interrogatory to the extent that it is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see documents to be produced in response to IBEW's First Set of Document Requests.

26

Susan Friedman, Esquire
August 17, 2015
Page 27

**Deficiency**: Farfield has failed to adequately respond to this interrogatory. It has not identified a single employee, let alone the additional information requested with respect to each employee. To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).

3.08    Identify the Person or Persons responsible for preparing the bid submissions and determining and approving the bid amounts for all projects during the Contested Period, including but not limited to the Identified Projects, and Identify each and every Document used, relied upon or referred to by said Persons in such preparation. In relation to each Person identified, Identify the project(s) for which each Person was responsible.

> **Response**: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Farfield will respond to this and subsequent Interrogatories only with respect to the Identified Projects, as that term is defined in IBEW's Interrogatories. Subject to and without waiving these objections, Scott Anton and Edward Krzanowsky were responsible for preparing the bid submissions and determining and approving the bid amounts for each of the Identified Projects. Joseph McGee, Sr. also participated in the preparation of some of the bid submissions while employed at Farfield. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield has only partially responded to this interrogatory. It has merely identified the name of the persons responsible for preparing the bid submission. Section 2.19 of the "Definitions" contained in Plaintiff's interrogatories indicates that the term "Identify," when

Susan Friedman, Esquire
August 17, 2015
Page 28

used in connection with a natural person, requires the responding party to provide: (a) Full legal name and position; (b) title; (c) present or last known position and business affiliation; (d) position and business affiliation at the time in question; and (e) present or last known address. Farfield has complied only with sub-section (a).   Moreover, Farfield failed to identify the documents used or utilized for each project.  To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).

3.10    For the Identified Projects, Identify the Person or Persons responsible for determining the wage rates for each Employee and Identify each and every Document used, relied upon or referred to by said Persons in determining each Employee's wage rate.

> **Response**: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the United States Department of Labor determined the wage rate for each classification for the Employees who performed work on the Identified Projects. Joseph McGee, Sr. was principally responsible for determining the job classifications of the employees on certain of the Identified Projects while he was employed by Farfield. After Joseph McGee, Sr. was no longer employed by Farfield, Edward Nescot and Robert Jackson were responsible for determining job classifications and rates of pay. John Kleimo also reviewed job classifications and rates of pay. All such determinations were based upon prevailing wage documents and classifications. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield has only partially responded to this interrogatory.  It has merely identified the name of the persons responsible for determining wage rates.   Section 2.19 of the "Definitions" contained in Plaintiff's interrogatories indicates that the term "Identify," when

28

Susan Friedman, Esquire
August 17, 2015
Page 29

used in connection with a natural person, requires the responding party to provide: (a) Full legal name and position; (b) title; (c) present or last known position and business affiliation; (d) position and business affiliation at the time in question; and (e) present or last known address. Farfield has complied only with sub-section (a). Moreover, Farfield has failed to identify the documents used or relied upon by the individuals. To the extent that you maintain that the content of a particular document or documents constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for the responsive document(s).

Finally, although Farfield did identify some persons involved in the wage determination process, it did not identify documents used, relied upon or referred to by the persons involved in the determination of wage rates.

3.11    For the Identified Projects, identify the Person or Persons responsible for determining the "phase code" assigned to work performed by each Employee and identify each and every Document used, relied upon or referred to by said Persons in making such a determination.

> **Response**: Farfield objects to this Interrogatory to the extent that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Farfield's Project Superintendents were responsible for determining the "phase code" for the assigned work, based upon Farfield's job cost control system and the areas where the work was performed by each Employee. Subject to and without waiving these objections, see also documents to be produced in response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield did not respond to this interrogatory, except to state that "Project Superintendents" were involved and determined phase codes "based upon Farfield's job cost

29

Susan Friedman, Esquire
August 17, 2015
Page 30

control system." No specific persons were named and no specific documents were identified.

Moreover, Farfield has failed to identify the documents used or relied upon by the individuals.

To the extent that you maintain that the content of a particular document or documents

constitutes an adequate response to this interrogatory, please provide Bates Stamp number(s) for

the responsive document(s).

3.13    For the Identified Projects, Identify the Person or Persons responsible for the preparation

and/or submission of certified payrolls and Identify each and every Document that was used,

relied upon or referred to by said Persons in preparing and/or submitting certified payrolls.

> **Response:** Farfield objects to this Interrogatory to the extent that it is overly broad,
> unduly burdensome and not reasonably calculated to lead to the discovery of admissible
> evidence. Subject to and without waiving these objections, see Farfield's response to
> Interrogatory 3.04, above. Generally, Corinne Sheaffer signed the certified payrolls.
> Subject to and without waiving these objections, see also documents to be produced in
> response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield did not respond to this interrogatory, except to state that Corinne Sheaffer

signed the certified payrolls.  It did not provide a job title or positional information, or most

notably an address for Ms. Sheaffer.  Additionally, Farfield did not identify other persons

involved in preparation of the certified payrolls prior to Sheaffer's signature.   Farfield also

refused to identify documents used, relied upon, or referred to in the preparation and submission

process, except to state "see documents."  To the extent that you maintain that the content of a

Susan Friedman, Esquire
August 17, 2015
Page 31

particular document or documents constitutes an adequate response to this interrogatory, please

provide Bates Stamp number(s) for the responsive document(s).

3.17    Identify and describe Farfield's Document retention, destruction, and storage policies

throughout the relevant time period, including, but not limited to the length of time for which

Documents are or were retained before destruction, the types of Documents that are or were

destroyed, the manner in which Documents are or were retained and/or destroyed, the Person(s)

responsible for the destruction of Documents, the Person(s) who direct(ed) the destruction of

Documents, the manner in which Documents are or were stored, and any Documents referring or

relating to Farfield's Document retention, destruction, and storage policies.  For every Document

that has been destroyed, provide the date on which it was destroyed and the reason why it was

destroyed, and Identify the Person(s) who directed its destruction, the Person(s) who destroyed it,

and the manner in which it was destroyed.

> **Response**: Farfield objects to this Interrogatory to the extent that it is vague, overly
> broad, unduly burdensome and not reasonably calculated to lead to the discovery of
> admissible evidence. Subject to and without waiving these objections, see documents to
> be produced in response to IBEW's First Set of Document Requests.

**Deficiency**: Farfield has produced no  information responsive to this request. To the extent that

you maintain that the content of a particular document or documents constitutes an adequate

response to this interrogatory, please provide Bates Stamp number(s) for the responsive

document(s).

Ms. Friedman, I must stress once again how disappointed we are in the paucity and

overall inadequacy of Farfield's discovery responses.  Although your document production was

Susan Friedman, Esquire
August 17, 2015
Page 32

admittedly voluminous and likely quite labor-intensive, the absolute absence of any specificity or reference to even a single document in your responses to both the RFPs and the Interrogatories is utterly inexcusable. We have shown extreme patience in waiting to provide this request until all of the documents were provided in the hope that once all of the documents were received, all, or at least some of the deficiencies previously identified would be cured. Unfortunately, this was not the case. As previously noted, we are requesting that Farfield provide full and complete discovery responses within seven (7) days, or we will be forced to seek Court intervention.

If you have any questions with respect to the contents of this correspondence, please do not hesitate to contact me.

Very truly yours,

MARC L. GELMAN

MLG/jmi
Enclosure
cc:   Richard Sigmond, Esq.
      Zachary Davis, Esq.
      Gary Melchionni, Esq.
      P. Bianculli, Esq.

32

Deduction calculations:

**Health:**

2003 Admin and fixed costs (TPA, PPO / URL fees, Specific and Aggregate reinsurance, etc.)
$224,495.04;  2003 Claims Paid $839,257.84

Total Admin + Claims = $1,063,752.88 X 1.12 (expected medical inflation trending)

= $1,191,403.22 /280 average employees = $4255.01/ee/year

$4255/1920 hours = $2.21/manhour

**Vacation & Holiday:**

8 ½ holidays + 2 weeks vacation = 168 maximum V&H hours

Average of employee shop (private) rates = $15.63/hour

$15.63 X 168 hours = $2625.84/employee "average" benefit

$2625.84/1920 hours = $1.37/manhour

(Note: we have been under-deducting; last update was prior to Encompass bankruptcy)

**Apprenticeship & Training:**

$1330.00 cost/1920 hours/3(ratio) = $.23/hour

*Exhibit A*

241835

## Missing Farfield Documents

**Document type: Weekly Certified Payroll[1]**
    **5001 (Girard)** – 1/27/2001 to 3/3/2002
        *gaps / missing date ranges:*
           *no Certified Payrolls for 5001*
    **5002 (PATCO)** – 1/27/2001 to 10/27/2002
        *gaps / missing date ranges:*
           *no Certified Payrolls for 5002*
    **5004 (Wayne Junction)** – 8/5/2002 to 6/3/2007
        *gaps / missing date ranges:*
           *9/1/2002 - 9/8/2002*
           *9/22/2002 - 9/29/2002*
           *12/24/2007 - 12/30/2007*
    **5005 (Smart Station, Phase 1)** – 9/5/2006 to 2/22/2009[2]
        *gaps / missing date ranges:*
           *12/24/2007 - 2/22/2009*
    **9535 (Smart Station, Phase 2)** – 9/22/2008 to 12/12/2010
        *gaps / missing date ranges:*
           *no Certified Payrolls for 9535*

*1 The project start and end dates identified on this document are merely estimates derived from the documents provided. Dates are subject to change upon Plaintiff's receipt of full and complete discovery responses.*
*2 Documents provided that pertain to time-periods beyond January 1, 2006 do not contain "Exception Sheets" (the Scheaffer-signature form showing the deductions for benefits) and do not contain a stamp/signature certification.*

**Document type: Daily Foremen Reports (2003 to 2008)**
    **5001 (Girard)** – 1/27/2001 to 3/3/2002
        *gaps / missing date ranges:*
           *no Daily Foreman Reports for 5001*
    **5002 (PATCO)** – 1/27/2001 to 10/27/2002
        *gaps / missing date ranges:*
           *1/27/2001 to 2/26/2001*
           *4/12/2002 to 10/27/2002*
    **5004 (Wayne Junction)** – 8/5/2002 to 6/3/2007[1]
        *gaps / missing date ranges:*
           *beginning (8/11/2002) -- 12/31/2002*
           *4/1/2005 – 9/11/2005*
           *3/25/2006 - onward*
    **5005 (Smart Station, Phase 1)** – 9/5/2006 to 2/22/2009
        *gaps / missing date ranges:*
           *beginning (9/5/2006) – 12/10/2006*

1

*Exhibit B*

*11/1/2008 - onward*
**9535 (Smart Station, Phase 2)** – 9/22/2008 to 12/12/2010
    *gaps / missing date ranges:*
        no Daily Foreman Reports for 9535

[1] *This is when the bulk of the work was performed; however, Phase Code Timesheets have been provided for two weeks (7/31/2001 and 1/12/2002) prior to the start of the regular weeks in August of 2002. We do not have Foreman reports for either of these weeks.*

**Document type: Wayne Junction - 4 Week Look Ahead Schedule (Weekly)**
    2002:  8/5, 8/12, 9/16, 10/14, 10/28, 11/11, 11/25
    2003:  2/24, 5/12, 5/26, 10/13, 12/1
    2004:  1/5, 1/26, 2/23, 3/8, 3/22, 4/5, 6/28
    2005:  1/10, 3/28, 4/4, 5/2, 6/6, 6/13, 6/27, 7/4, 7/25, 8/22, 9/5, 10/10,
        10/24, 12/12, 12/26
    2006:  1/30, 2/13, 4/3, 4/17, 5/15, 7/31, 9/4, 9/18, 10/16, 10/30, 11/13,
        11/27, 12/11, 12/25
    2007:  4/2, 4/9, ends the week of 9/24

**Document type: Phase Code Time Sheets**
    **5001 (Girard Ave)** – 1/27/2001 to 3/3/2002
        *gaps / missing date ranges:*
            *1/27/2001 to 5/7/2001*
            *1/15/2002 to 1/21/2002*
    **5002 (PATCO)** – 1/27/2001 to 10/27/2002
        *gaps / missing date ranges:*
            *1/27/2001 to 5/7/2001*
            *1/15/2002 to 1/21/2002*
            *3/3/2002 to 7/29/2002*
            *8/4/2002 to 10/21/2002*
    **5004 (Wayne Junction)** – 8/5/2002 to 6/3/2007
        *gaps / missing date ranges*
            *7/21/03 - 7/27/03*
            *8/2/04 - 8/8/04*
            *11/1/05 - 11/13/05*
            *1/16/06 - 1/22/06*
    **5005 (Smart Station, Phase 1)** – 9/5/2006 to 2/22/2009
        *gaps / missing date ranges:*
            *12/24/2007 - 12/30/2007*
    **9535 (Smart Station Phase 2)** – 9/22/2008 to 12/12/2010
        *gaps / missing date ranges:*
            *12/29/2008 – 1/25/2009*
            *12/28/2009 – 2/27/2010*
            *11/1/10 - 11/14/10*

2

## Document type: SSWP (Site Specific Work Plans)

Farfield has provided plans for the following SSWP#s:

| | | | |
|---|---|---|---|
| 19a | 62b | 112 | 156a / 156b / |
| 20 | 64 | 113 | 156c / 156d / |
| 22 | 71 | 114 | 156e |
| 29a | 72 | 122 | 160 |
| 30a | 74 / 74a / 74b | 123 | 164 / 164a / 164b |
| 35 | 76 | 124 | 165 / 165a |
| 37a | 83 / 83a | 125 | 166 |
| 38a | 84 / 84a | 126 | 169a |
| 39 | 85 / 85a | 128 | 171 |
| 40 | 86 / 86a | 135 | 172 |
| 41 | 88 | 136 | 173 |
| 42 | 89 | 137 | 174 |
| 43 | 90 | 141a | 178 |
| 50 | 91 / 91a | 146 | 179 |
| 54 / 54a | 92 / 92a | 148 | 184 |
| 55 | 95 | 149 | 185 |
| 56 / 56a | 96 | 150 | 192 |
| 57 | 99 / 99a / 99b | 151 | 194 / 194a |
| 58 | 100 | 152 | 195b |
| 59 / 59a | 101 | 154 | |
| 60 | 109 / 109a | | |

If we assume that the Project Numbers were originally continuous, the following have not been provided:

| | | | |
|---|---|---|---|
| 1 through 18 | 64 through 70 | 115 through 121 | 161 through 163 |
| 21 | 73 | 127 | 167 through 168 |
| 23 through 28 | 75 | 129 through 134 | 170 |
| 31 through 34 | 77 through 82 | 138 through 140 | 175 through 177 |
| 36 | 87 | 142 through 145 | 180 through 183 |
| 44 through 49 | 93 through 94 | 147 | 186 through 191 |
| 51 through 53 | 97 through 98 | 153 | 193 |
| 61 | 102 through 108 | 155 | |
| 63 | 110 through 111 | 156 through 159 | |

The following SSWPs contain Phase/Week values rather than SSWP#s.

| | |
|---|---|
| P1 W1 | 11/1/03 – Logan Interlocking |
| P3 W1 | 10/18/03 – Tabor Interlocking |
| P3 W2 | 10/25/03 – Tabor Interlocking |
| P1 W1 | 6/2/04 – Temporary Guy Span & Catenary Wire 2F-1 |
| P2 W2 | 10/23/04 – Renew Steady Spans |
| P3 W3 | 10/30/04 – Renew Catewary Wire and Wire Run 12-1 |
| P4 W4 | 11/06/04 – NX Interlocking |
| P1 W1 | 4/1/05 & 4/15/05 – NX Interlocking |
| P1 W2 | 4/8/05 & 4/22/05 – NX Interlocking (revisions 0, 2, 3 & Track #2) |
| P1 W3 | 4/29/05 – NX Interlocking (revisions 0 and 2) |
| P1 W4 | 4/23/05 & 5/6/05 – NX Interlocking |
| P1 W5 | 5/13/05 – NX Interlocking |
| P1 W6 | 5/16/05 – NX Interlocking |
| P1 W7 | 5/24/05 – NX Interlocking |

3

P1 W7a     6/10/05 – NX Interlocking
P1 W9       7/8/05 – NX Interlocking
P2 W2       8/4/05 – NX Interlocking
P3 W1       4/12/06 – Jenkintown Interlocking
P4 W1       5/2/06 – Jenkintown Interlocking
P1 W1       5/12/06 – Carmel South
P6 W1       5/18/06 – Carmel Interlocking
P6 W1       5/18/06 – Jenkintown Interlocking
P7 W1       5/30/06 – Carmel Interlocking
P8 W1       6/13/06 – Carmel Interlocking
P9 W1       6/14/06 – Carmel Interlocking

Finally, the following SSWPs had neither SSWP#s nor Phase/Week values:
8/24/03 – Ductbank Evacuation & Ditch Reshaping
12/15/03 – Outbound Platform Ductbank
4/19/04 – Excavate and Backfill for Direct Buried Conduit at PECO Crossing
5/17/04 – Carmel Cantilever Signal Bridge
6/1/04 – Insulated Joint Installation
7/1/04 – Rehabilitation of Glenside Siding and Scale Track
1/27/05 – Carmel Interlocking
9/16/05 – NX Interlocking
4/18/06 – Jenkintown Interlocking
5/26/06 – Carmel Interlocking
6/17/06 – ABC (subcontractor) Install Gabion Wall & Set Foundation for A-501 Signal
12/7/06 – Install Conduit for Fire Alarm at 33rd St Substation

**DAILY REPORT**

# ❮ ENCOMPASS

The Fairfield Company  An Encompass Company   312 E. Meadow Valley Rd. • Lititz, PA 17543-9147  Phone (717) 626-4781  Fax (717) 626-2443

JOB # 27 F   JOB NAME City Hall   DATE 4/2/02

DAY Tuesday   WEATHER CONDITIONS Cold / Dry

| TRADE | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| Dominic S. JOURNEYMEN Joe J. John C. APPRENTICE Jay B. LABORER | 3-8 hrs. 1-8 hrs. | Pulled wires for SIGA Bkt. on the Concourse and in Back Rooms. Finished conduit runs on the Concourse so we could pull wires. |

| SUB-CONTRACTOR | NO. EMPLOYEES | WORK PERFORMED | |
|---|---|---|---|
| | | | |

| WHO | PROJECT DELAYS | WHY |
|---|---|---|
| | | |

| PERSON | COMPANY | HOW COMMUNICATED | INSTRUCTIONS - AUTHORIZATIONS - QUESTIONS - ETC. |
|---|---|---|---|
| | | | |

*Joseph Johnston*

*Exhibit C*

239867

# ⟨ ENCOMPASS

**DAILY REPORT**

The Farfield Company  An Encompass Company   312 E. Meadow Valley Rd. • Lititz, PA 17543-9147  Phone (717) 626-4781  Fax (717) 626-2443

| JOB # 27F | JOB NAME City Hall | DATE 4/1/02 |
|---|---|---|

| DAY Monday | TEMP | WEATHER CONDITIONS mild to 21 Dry |
|---|---|---|

| TRADE | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| Dominic S. JOURNEYMEN Joe J. John G. APPRENTICE Jay B. LABORER | 3 - 8 hrs. 1 - 8 hrs. | Brought out 2 spools of F.A wire, to 10 Spools of # 10 and misc. material to start pulling wires. Layed out wire pulls, began finishing off loose ends for wire pulling. |

| SUB-CONTRACTOR | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| | | |

| WHO | PROJECT DELAYS | WHY |
|---|---|---|
| | | |

| PERSON | COMPANY | HOW COMMUNICATED | INSTRUCTIONS · AUTHORIZATIONS · QUESTIONS · ETC. |
|---|---|---|---|
| | | | |

*Joseph Johnston*

239868

# ENCOMPASS

**DAILY REPORT**

The Farfield Company  An Encompass Company   312 E. Meadow Valley Rd. • Lititz, PA 17543-9147  Phone (717) 626-4781  Fax (717) 626-2443

| JOB # | JOB NAME | DATE |
|---|---|---|
| | Patco 27E | 4 / 1 / 02 |

| DAY | TEMP | WEATHER CONDITIONS |
|---|---|---|
| Monday | | |

| TRADE | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| JOURNEYMEN | 2 | Loaded remaining intermediate brackets at Woodcrest station onto the Box Van and delivered to Franklin Square. Unloaded brackets at Franklin Square. Arranged the brackets according to their stations. Took inventory of remaining brackets for future use. |
| APPRENTICE | 1 | |
| LABORER | 1 | |

| SUB-CONTRACTOR | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| | | |

| WHO | PROJECT DELAYS | WHY |
|---|---|---|
| | | |

| PERSON | COMPANY | HOW COMMUNICATED | INSTRUCTIONS - AUTHORIZATIONS - QUESTIONS - ETC. |
|---|---|---|---|
| | | | |

Bob Corey

239869

**DAILY REPORT**

# ENCOMPASS

The Farfield Company  An Encompass Company   312 E. Meadow Valley Rd. • Lititz, PA 17543-9147  Phone (717) 626-4781  Fax (717) 626-2443

| JOB # 27F | JOB NAME City Hall | DATE 3/28/02 |
|---|---|---|
| DAY Thursday | TEMP | WEATHER CONDITIONS mild/Dry |

| TRADE | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| JOURNEYMEN Joe J. Dominic S. | 2 - 8 hrs. | Finished loose ends (conduit, boxes, etc.) on Platform. Worked on loose ends on Concourse, pulled in more strings. |
| APPRENTICE Jay B. | 1 - 8 hrs. | |
| LABORER | | |

| SUB-CONTRACTOR | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| | | |

| WHO | PROJECT DELAYS | WHY |
|---|---|---|
| | | |

| PERSON | COMPANY | HOW COMMUNICATED | INSTRUCTIONS - AUTHORIZATIONS - QUESTIONS - ETC. |
|---|---|---|---|
| | | | |

*Joseph Johnston*

239870

# ⩔ ENCOMPASS

**DAILY REPORT**

The Farfield Company  An Encompass Company   312 E. Meadow Valley Rd. • Lititz, PA 17543-9147  Phone (717) 626-4781  Fax (717) 626-2443

| JOB # | JOB NAME | DATE |
|---|---|---|
| | Patco 27F | 3/28/02 |

**DAY:** Thursday   **TEMP:**   **WEATHER CONDITIONS:**

| TRADE | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| JOURNEYMEN | 2 | Loaded intermediate brackets onto the Box Van at Woodcrest Station. Unloaded brackets at Franklin Square for 8th & Market. Unloaded 12TH & 13TH at the west end of the station. Unloaded 15TH & 16TH at the west end of the station. We put |
| APPRENTICE | 1 | |
| LABORER | 1 | |

| SUB-CONTRACTOR | NO. EMPLOYEES | WORK PERFORMED |
|---|---|---|
| | | the brackets at the end of the station because the brackets were for track 2, but our outage was Track 1. |

| WHO | PROJECT DELAYS | WHY |
|---|---|---|
| | | |

| PERSON | COMPANY | HOW COMMUNICATED | INSTRUCTIONS · AUTHORIZATIONS · QUESTIONS · ETC. |
|---|---|---|---|
| | | | |

_Bob Casey_

239871