# STEVENS & LEE
## LAWYERS & CONSULTANTS

51 South Duke Street
Lancaster, PA  17602
(717) 291-1031 Fax (717) 394-7726
www.stevenslee.com

Direct Dial:        (717) 399-6625
Email:              srf@stevenslee.com
Direct Fax:         (610) 236-4175

**BY FEDERAL EXPRESS**

September 18, 2015

Marc L. Gelman
Jennings Sigmond, P.C.
510 Walnut Street
16th Floor
Philadelphia, PA 19106-3683

Re:  *U.S. of America, ex rel. IBEW Local Union No. 98 v. The Farfield Company*
     Civil Action No. 09-4230

Dear Mr. Gelman:

I am writing in response to your August 17, 2015, letter to me concerning discovery in the above-referenced matter.  The responses provided below are Farfield's good-faith attempt to resolve the disputes you raised in your letter to me.  To the extent that disputes remain, I would welcome a written response from you regarding these issues in the hopes of avoiding unnecessary motion practice.

As an initial matter, I believe it would be useful to summarize Farfield's many productions in this case.  On January 3, 2014, Farfield produced a hard drive containing 108,266 pages of documents.  On January 6, 7, and 10, 2014, and February 19, 2014, Farfield produced another 9,925 pages of documents on CDs.  On April 21, 2015, Farfield produced a hard drive containing another 92,424 pages of documents.[1]  On June 12, 2015, Farfield produced a DVD containing 34,227 pages of documents, and, at your request, reproduced native Excel files from earlier productions in order to ease your review of those documents.  Finally, on July 24, 2015, Farfield produced a set of DVDs containing another 11,966 pages of documents.  Thus, to date, Farfield has produced a total of 256,808 pages of documents in this case.

As a response to many of the matters raised in your letter, we have consistently objected to any requests for documents or interrogatories concerning projects other than the five Identified

---

[1] Due to a production error by Stevens & Lee, the documents produced on CD in January and February 2014 bear the same Bates labels as some of the documents produced via hard drive on April 21, 2015.  Thus, there are two sets of different documents bearing the Bates labels FARFIELD 108267 – FARFIELD 118191.  We apologize to the extent that this has caused any confusion in sorting through Farfield's multiple productions in this case.

Philadelphia  •  Reading  •  Valley Forge  •  Lehigh Valley  •  Harrisburg  •  Lancaster  •  Scranton
Wilkes-Barre  •  Princeton  •  Charleston  •  New York  •  Wilmington
A PROFESSIONAL CORPORATION


EXHIBIT
6

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 2

Projects which are the subject of the Amended Complaint, namely, Girard Avenue, PATCO, Wayne Junction, Smart Stations 1 and Smart Stations 2. IBEW's First Amended Complaint, filed in February 2012, discusses only the five Identified Projects as projects on which IBEW is alleging that Farfield misclassified its employees. Indeed, IBEW's original Complaint in this matter, filed in September 2009, referenced a sixth "Washington Metro" project, but those references were removed in the First Amended Complaint as IBEW narrowed its claims.

Farfield fails to see how documents related to other projects could reasonably lead to the discovery of admissible evidence concerning classification of employees on the five Identified Projects in the First Amended Complaint. Nor does your letter to me offer any explanation as to why you believe Farfield's objections are improper. All of the requests and interrogatories concerning any other projects thus remain overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, requiring Farfield to produce documents relating to other projects from the same time period would be extremely burdensome, and would require significant time and expense in order to respond. We are open to a dialogue regarding this issue so that you can explain how such documents or interrogatories would lead to the discovery of admissible evidence related to the Identified Projects and the alleged misclassification of employees on these five Identified Projects. At the moment, Farfield maintains all of its objections to all of these requests for production of documents and interrogatories on these bases and does not intend to produce documents or respond to interrogatories relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper. Where we reference this response below, please consider this full response as having been incorporated in that specific response.

I have also enclosed an additional DVD with documents containing all of the certified payrolls for all of the Identified Projects, with the exception of those for the Wayne Junction project which were already produced in their entirety. Apparently the flash drive containing these documents was inadvertently not included in the prior productions. The flash drive also included all of the contracts for the five Identified Projects. Many of these documents were produced previously, such as the contract documents as well as many of the certified payrolls. These are all public documents, many of which IBEW has had and produced.

Regarding the issues you raised concerning specific document requests and interrogatories, we respond as follows.

Document Request 3.03: As you note in your letter, Farfield produced documents related to the five Identified Projects in the Complaint, but did not produce documents related to other projects. Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 3

      You state that Farfield has not produced any documentation identifying subcontractors. Farfield in fact produced numerous documents that identify subcontractors, including for example the contract documents, bid proposals, daily foreman logs, correspondence, and site specific work plans.

      Document Request 3.04: Farfield limited its production to the Identified Projects for the reasons described above. Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

      Regarding the specific information you seek for individual employees, the time sheets, certified payrolls, daily foreman logs and other documents provided by Farfield identify the Employee's name, job classification, work location, hours worked, rate of pay, gross pay, and payroll deductions for each week for each of the five Identified Projects. As for Social Security numbers, it is an inappropriate privacy violation for Farfield to produce Social Security numbers for these employees absent unusual circumstances which we do not believe are present in this matter. Nor did your letter to me explain why Farfield's objection to producing this information was inappropriate. Indeed, we note that IBEW itself redacted employees' Social Security numbers in its document production to Farfield (*see, e.g.*, documents 1781-1786 of IBEW's production). Please explain the need for Farfield to identify its employees' Social Security numbers.

      Furthermore, your request for this information regarding "all Employees of Farfield" is impermissibly overbroad and unduly burdensome to the Company. Please identify the specific Farfield employees whose contact information you seek, and the parties may be able to resolve this dispute.

      Document Request 3.05: Farfield maintains its objections to this request on the bases that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Your letter to me did not explain why any of these objections are improper. Given the issues in this case, and the information available on the documents Farfield has produced, it is unclear why production of payroll tax submissions is necessary or proper in this litigation. Please explain why Farfield's objections are improper.

      Document Request 3.08: Farfield maintains its objections to this request on the bases that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Your letter to me did not explain why any of these objections are improper. Given the issues in this case, and the information available on the documents Farfield has produced, it is unclear why production of financial statements of the Company is necessary or proper in this litigation. Please explain why Farfield's objections are improper.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 4


Document Request 3.10:  Your statement in your letter that "Farfield has produced no documents responsive to this request with the exception of a single document identified as 'Deduction Calculations' for the year 2003" is incorrect.  All of the certified payrolls produced by Farfield are responsive to this request.  Further, Farfield produced any wage rate sheets that exist.  Farfield also produced documents related to the USDOL audit.

Furthermore, IBEW makes no allegations relating or referring to the payments or contributions for fringe benefits in the First Amended Complaint.  The request for such documents is therefore overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  To the extent Farfield has not already produced documents in response to this request, Farfield maintains its objections to this request, and your letter to me did not identify why you believe Farfield's objections are improper.  Please explain why Farfield's objections are improper.

Document Request 3.11:  IBEW makes no allegations relating or referring to the payments or contributions for fringe benefits in the First Amended Complaint.  The request for such documents is therefore overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Farfield maintains its objections to this request, and your letter to me did not identify why you believe Farfield's objections are improper.  Please explain why Farfield's objections are improper.

Document Request 3.13:  Farfield has produced all of the contracts for the five Identified Projects, both in its prior production, as well as on the enclosed DVD.  Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects.  To the extent you disagree, please explain why Farfield's objections are improper.

With respect to your statement that Farfield failed to provide copies of bid proposals, please note that these documents are not requested in this Document Request but in Document Request 3.14, which I respond to below.

Document Request 3.14:  Farfield has produced all of the bid proposals for the five Identified Projects, including its bid proposals for Smart Stations 1 and Smart Stations 2.  See for example FARFIELD 243045 through FARFIELD 243293, and FARFIELD 245472 through 245874.

Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects.  To the extent you disagree, please explain why Farfield's objections are improper.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 5

Document Request 3.16: Farfield produced all responsive documents that it was able to locate with respect to the five Identified Projects. The bid takeoff sheets and related correspondence are very easy to identify, and it is clear from your comments in your letter that it identified such documents. Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Document Request 3.18: Farfield maintains its objection that IBEW's request for "internal reports generated by Farfield in connection with work performed on the Identified Projects" is improperly vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Please explain why Farfield's objections are improper. Farfield believes that much of its 256,000-page production – including all time sheets, daily foreman reports, four-week look ahead schedules, Excel spreadsheets showing wages and classifications, etc., and correspondence – is responsive to this request. Regarding the documents you attached at Exhibit C, as described below, Farfield has produced all of the Daily Foreman Reports in its possession. Some Reports do not list the names of the employees performing the work.

Regarding the document attached to your letter as Exhibit B, which purports to identify missing time periods for certain documents, Farfield actually produced many of the documents you have alleged are missing, and has supplemented its production with the enclosed DVD of documents Bates Stamped 247038 to 248742. A discussion of the alleged missing documents follows. Zachary Davis will also be sending under separate cover some additional documents.

### Weekly Certified Payrolls

5001(Girard): Some certified payrolls for the Girard Project were produced at FARFIELD 237556-563. Farfield did not intentionally withhold from production any certified payrolls for the Girard Project. However, after receipt of your letter noting the missing certified payrolls, we discovered that a flash drive containing certified payrolls for four of the Identified Projects had not been included in the prior production. All of these documents are included on the enclosed DVD. We also note that IBEW produced certified payrolls for the Girard Project from October 1, 2000 through September 22, 2002 in its production at 3206-3381. It should thus not be necessary for Farfield to undertake the time and expense to produce the same documents to you.

5002 (PATCO): Farfield did not intentionally withhold from production any certified payrolls for the PATCO Project. However, after receipt of your letter noting the missing certified payrolls, we discovered that a flash drive containing certified payrolls for four of the

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 6

Identified Projects had not been included in the prior production. All of these documents are included on the enclosed DVD. We also note that IBEW produced certified payrolls for the Girard Project from October 1, 2000 through September 22, 2002 in its production at 3206-3381. It should thus not be necessary for Farfield to undertake the time and expense to produce the same documents to you.

5004 (Wayne Junction): As you note in Exhibit B, the Wayne Junction project lasted approximately five years, from approximately August 2002 until June 2007. You have identified only three weeks of certified payrolls for this project that you allege were not produced. Farfield has not intentionally withheld from production any certified payrolls for the Wayne Junction Project. We note that IBEW produced the certified payroll for the week ending September 8, 2002 at documents 1494-97.

5005 (Smart Stations, Phase I): As you note in Exhibit B, the Smart Stations Phase I project lasted from September 2006 until February 2009. Your allegation that Farfield failed to produce certified payrolls for the Smart Station Phase I project from 12/24/07-2/22/09 is largely inaccurate. In fact, Farfield produced the certified payroll for the entire calendar year 2008 at documents FARFIELD 112298-112517 and again at FARFIELD 114083-114348.[2] We note that IBEW produced certified payrolls for the Smart Stations Phase I Project from September 10, 2006 through December 28, 2008 at pages 2695-3201. It should thus not be necessary for Farfield to undertake the time and expense to produce the same documents to you. As noted above, after receipt of your letter noting the missing certified payrolls, we discovered that a flash drive containing certified payrolls for the four of the Identified Projects had not been included in the prior production. All of these documents are included on the enclosed DVD.

9535 (Smart Stations, Phase II): We note that IBEW produced certified payrolls for the Smart Stations Phase II Project from September 28, 2008 through December 28, 2008 at pages 2653-2693. It should thus not be necessary for Farfield to undertake the time and expense to produce the same documents to you. Farfield did not intentionally withhold from production any certified payrolls for the Smart Stations, Phase II project. However, after receipt of your letter noting the missing certified payrolls, we discovered that a flash drive containing certified payrolls for the four of the Identified Projects had not been included in the prior production. All of these documents are included on the enclosed DVD.

---

[2] As described above, there appear to be two sets of documents bearing the Bates label FARFIELD 108267 – FARFIELD 118191. The certified payrolls for the Smart Stations Phase I project were produced to you on discs on January 7, 2014 and January 10, 2014.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 7

### Daily Foremen Reports

**5001 (Girard):** Your assertion in your letter that Farfield did not produce any Daily Foreman Reports for the Girard Avenue project is not accurate. Farfield produced Daily Foremen Reports from September 25, 2000 through July 8, 2002 in its production at FARFIELD 100633-100878. Farfield has not intentionally withheld from production any Daily Foremen Reports for the Girard Project, and will continue to review its files to determine if further responsive documents exist.

**5002 (PATCO):** You allege that Farfield failed to produce Daily Foremen Reports only for the periods January 27, 2001 through February 26, 2001, and April 12, 2002 through October 27, 2002. In fact, Farfield produced Daily Foremen Reports for April 12, 2002 through September 15, 2002 at FARFIELD 101035-101234. Farfield has not intentionally withheld from production any Daily Foremen Reports for the PATCO Project, and will continue to review its files to determine if further responsive documents exist.

**5004 (Wayne Junction):** You allege that Farfield failed to produce Daily Foremen Reports only for the periods August 11, 2002 through December 31, 2002; April 1, 2005 through September 11, 2005; and from March 25, 2006 through the end of the project. In fact, Farfield produced Daily Foremen Reports for April and May 2005 at FARFIELD 72157-72881, and for August 5, 2002-August 9, 2002 at FARFIELD 115630-39 (produced on DVD on February 19, 2014). Farfield has not intentionally withheld from production any Daily Foremen Reports for the Wayne Junction Project, and will continue to review its files to determine if further responsive documents exist.

**5005 (Smart Stations Phase I):** You allege that Farfield failed to produce Daily Foremen Reports only for the periods September 5, 2006 through December 10, 2006, and November 1, 2008 through the end of the project. In fact, Farfield produced Daily Foremen Reports for December 3, 2008 through December 9, 2008 at FARFIELD 74737-74749, and for November 3, 2008 through February 10, 2009 at FARFIELD 107270-107337. Farfield has not intentionally withheld from production any Daily Foremen Reports for the Smart Stations Phase I Project, and will continue to review its files to determine if further responsive documents exist.

**9535 (Smart Stations Phase II):** Your statement that Farfield produced no Daily Foremen Reports for this project is not accurate. Farfield produced Daily Foremen Reports on this project for October 13, 2008 through June 30, 2009 at FARFIELD 104531-105119. Farfield also produced Daily Foremen Reports on this project for July 1, 2009 through October 7, 2010 at FARFIELD 106135-106836. Farfield has not intentionally withheld from production any Daily Foremen Reports for the Smart Stations Phase II Project, and will continue to review its files to determine if further responsive documents exist.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 8

### Four-Week Look Ahead Schedules for Wayne Junction

The following four-week look ahead schedules were produced by Farfield and should not have been on your list of missing documents:

Beginning January 10, 2005: FARFIELD 2729-2758.

Beginning March 28, 2005: FARFIELD 103083-103090, FARFIELD 103105-103112.

Farfield has not intentionally withheld from production any Four-Week Look Ahead Schedules, and will continue to review its files to determine if further responsive documents exist.

### Time Sheets

5001 (Girard): You allege that Farfield failed to produce time sheets for this project only for the periods January 27, 2001 through May 7, 2001, and January 15, 2002 through January 21, 2002. In fact, Farfield produced time sheets for this project for the week ending January 20, 2002, at FARFIELD 150953-151110. Three time sheets from January and February 2001 were also produced at FARFIELD 101366-368. Farfield also produced time sheets for this project for the week ending February 3, 2002, at FARFIELD 151427-151584. Farfield has not intentionally withheld from production any time sheets for the Girard Project, and will continue to review its files to determine if further responsive documents exist.

5002 (PATCO): You allege that Farfield failed to produce time sheets for this project only for the periods January 27, 2001 through May 7, 2001; January 15, 2002 through January 21, 2002; March 3, 2002 through July 29, 2002; and August 4, 2002 through October 21, 2002. Farfield produced time sheets for this project for the week ending January 20, 2002, at FARFIELD 150953-151110. Farfield produced time sheets for this project for the week ending February 3, 2002, at FARFIELD 151427-151584. Farfield has not intentionally withheld from production any time sheets for the PATCO Project, and will continue to review its files to determine if further responsive documents exist.

5004 (Wayne Junction): You allege that Farfield failed to produce time sheets for this project only for five weeks out of a five-year project: July 21-27, 2003; August 2-8, 2004; November 1-13, 2005; and January 16-22, 2006. In fact, Farfield produced time sheets for all of these periods:

Week Ending July 27, 2003: FARFIELD 128568-128774, FARFIELD 164866-165072.

Week Ending August 8, 2004: FARFIELD 85967-86041, FARFIELD 131877-132390.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 9

Week Ending November 6, 2005: FARFIELD 94676-94712.

Week Ending November 13, 2005: FARFIELD 94606-94675.

Week Ending January 22, 2006: FARFIELD 176726-177007.

5005 (Smart Stations Phase I): You allege that Farfield failed to produce time sheets for this project for only one week: December 24-30, 2007. Upon further review of our files, we have become aware that some Smart Stations I documents, including these time sheets were inadvertently not produced. These documents are included with this production, and are being sent under separate cover by Zachary Davis.

9535 (Smart Stations Phase II): You allege that Farfield failed to produce time sheets for this project only for the periods December 29, 2008-January 25, 2009; December 28, 2009 through February 27, 2010; and November 1-14, 2010. In fact, Farfield produced time sheets for the period of December 29, 2008 through January 25, 2009 at FARFIELD 79064-79251, and at 240338-240342, 240393-240397, 240490-240494, and 240547-240551. Farfield also produced time sheets for January and February 2010 at FARFIELD 79252-79416 and 79632-79744. Farfield has not intentionally withheld from production any time sheets for the Smart Stations Phase II Project, and will continue to review its files to determine if further responsive documents exist.

## Site Specific Work Plans for Wayne Junction

In Exhibit B, you list many Site Specific Work Plans for the Wayne Junction project that you claim Farfield failed to produce. In fact, Farfield produced the following Site Specific Work Plans:

| Plan Number | Bates Range (with FARFIELD prefix) |
| --- | --- |
| 1 | 206428-206439 |
| 2 | 206440-206451 |
| 3 | 206419-206427 |
| 4 | 206452-206460 |
| 4.1 | 206461-206469 |

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 10

| | |
|---|---|
| 5 | 206470-206481 |
| 6 | 206494-206502 |
| 7 | 206494-206502 |
| 8 | 206503-206514 |
| 9 | 206515-206526 |
| 9, revision A | 206527-206538 |
| 10 | 206539-206547<br>206548-206559 |
| 16 | 206560-206568 |
| 18a | 206703-206706 |
| 21 | 206569-206580 |
| 21a | 206612-206614 |
| 36 | 206625-206628 |
| 61 | 206585-206586 |
| 61a | 206587-206588 |
| 62 | 206589-206593 |
| 62a | 206594-206598 |
| 63 | 206599-206601 |
| 64 | 206602-206604 |
| 69 | 206605-206606 |
| 73 | 206607-206609 |

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 11

| 116 | 206581-206584 |
| --- | --- |
| 121 | 206615-206623 |
| 156 | 117562-117563 |

Farfield further notes that it produced many other Site Specific Work Plans which did not appear in your letter, either as documents produced or documents missing. Those plans were produced on DVD on February 19, 2014, and are found at FARFIELD 115991-116017, 117518-117523, 117542-117555, 117930-117936, and 118427-118432. Additional Site Specific Work Plans were also produced on DVD on July 24, 2015 at FARFIELD 235167-235173, 235193-235206, 235521-235527, 235588-235596, 235974-235975, 241409-241413, 241660-241665, and 241696-242772.

Farfield has not intentionally withheld from production any Site Specific Work Plans, and will continue to review its files to determine if further responsive documents exist.

Document Request 3.19: Farfield has produced all time sheets and Daily Foreman logs for all of the Identified Projects that it has been able to locate. *See* Farfield's response concerning Document Request 3.18 above.

Document Request 3.21: Farfield has produced all time sheets, Daily Foreman logs, Certified Payrolls, and other documents in response to this Request for the five Identified Projects. *See* Farfield's response concerning Document Request 3.18 above.

Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Document Request 3.22: Farfield has produced all time sheets, Daily Foreman logs, Certified Payrolls, and other documents in response to this Request for the five Identified Projects. *See* Farfield's response concerning Document Request 3.18 above.

Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 12

Document Request 3.23:  Farfield has produced all time sheets, Daily Foreman logs, Certified Payrolls, and other documents in response to this Request for the five Identified Projects.  *See* Farfield's response concerning Document Request 3.18 above.

Document Request 3.24:  Farfield has produced all time sheets for the Identified Projects. *See* Farfield's response concerning Document Request 3.18 above.

Document Request 3.26:  Farfield has produced all time sheets, Daily Foreman logs, Certified Payrolls, and other documents in response to this Request for the five Identified Projects.  *See* Farfield's response concerning Document Request 3.18 above.

Farfield continues to object to this Request to the extent that it has not already responded in its production of more than 258,000 documents, on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Document Request 3.27:  As described above, Farfield has produced numerous documents setting forth, evidencing, relating to or referring to the rate of pay received by Farfield's employees.  Farfield has produced all of the certified payrolls and time sheets for the five Identified Projects, as well as the contracts which set forth the prevailing wage determinations applicable to each Project.  The only redactions were of the social security numbers, which IBEW also redacted in its production, as discussed above.  Farfield also produced all documentation which it has related to the USDOL prevailing wage audit of the Wayne Junction and other projects, as well as any correspondence related to the employees' rates of pay.

Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Document Request 3.28:  This request is the same as Document Request 3.27, with the exception that it is limited to the Identified Projects.  As described above, Farfield has produced numerous documents setting forth, evidencing, relating to or referring to the rate of pay received by Farfield's employees.  Farfield has produced all of the certified payrolls and time sheets for the five Identified Projects, as well as the contracts which set forth the prevailing wage determinations applicable to each Project.  The only redactions were of the social security numbers, which IBEW also redacted in its production, as discussed above.  Farfield also produced all documentation which it has related to the USDOL prevailing wage audit of the

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 13

Wayne Junction and other projects, as well as any correspondence related to the employees' rates of pay. Please explain why Farfield's objections are improper.

Document Request 3.29: This request is essentially covered by Requests 3.27 and 3.28, as well as various other Requests. As described above, Farfield has produced numerous documents setting forth, evidencing, relating to or referring to the rate of pay received by Farfield's employees. Farfield has produced all of the certified payrolls and time sheets for the five Identified Projects, as well as the contracts which set forth the prevailing wage determinations applicable to each Project. The only redactions were of the social security numbers, which IBEW also redacted in its production, as discussed above. Farfield also produced all documentation which it has related to the USDOL prevailing wage audit of the Wayne Junction and other projects, as well as any correspondence related to the employees' rates of pay. Please explain why Farfield's objections are improper.

Document Request 3.30: Farfield has produced numerous documents that refer or relate to the classification of employees performing work on the Identified Projects. All of the certified payrolls, time sheets and daily foremen reports refer or relate to the classification of employees and are thus responsive to this request. Farfield has also produced emails and other documents that refer or relate to the classification of employees performing work on the Identified Projects. Farfield has also produced the contracts which set forth the prevailing wage determinations and classifications applicable to each Project, and all documentation which it has related to the USDOL prevailing wage audit of the Wayne Junction and other projects. Please explain why Farfield's objections are improper.

Document Request 3.31: Regarding subcontracts, Farfield is willing to produce, to the extent that it has such documents, its contracts with subcontractors on the Identified Projects. Farfield withdraws its objections with respect to those documents and will make a good-faith effort on an expedited basis to produce such documents in its possession.

Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Document Request 3.32: This Document Request is fully incorporated in Document Request 3.31, as well as various other Requests. Farfield has already produced all of the contracts between SEPTA and Farfield for the five Identified Projects. Further, the contracts are again being produced on the enclosed DVD.

Farfield has produced all of the bid proposals for the five Identified Projects, including its bid proposals for Smart Stations 1 and Smart Stations 2. See for example FARFIELD 243045 through FARFIELD 243293, and FARFIELD 245472 through 245874.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 14

Document Request 3.36:  Farfield fails to see the relevance of a request for all documents contained in the personnel files of all of its employees who worked on the Identified Projects. Farfield has already produced documents for its employees pertaining to their classifications and wage rates on the Identified Projects.  Farfield also produced contract documents pertaining to Joseph McGee.  Other personnel documents are personal and private to Farfield's employees, and irrelevant to this case, and Farfield does not see any basis for producing them in this litigation.  If there are specific documents found in specific employee personnel files that you are seeking, please identify them, and we are willing to discuss providing that information. Otherwise, please explain why Farfield's objections are improper.

Further, such request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Document Request 3.37:  Farfield has produced all certified payrolls which it has for all five of the Identified Projects.  Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects.  To the extent you disagree, please explain why Farfield's objections are improper.

Document Request 3.38:  Farfield produced responsive documents at FARFIELD 5827, FARFIELD 5828, FARFIELD 21825, FARFIELD 30662, FARFIELD 31744, FARFIELD 33125-33126, FARFIELD 33133-33134, FARFIELD 39810-39815, FARFIELD 203733-203738, FARFIELD 43078-43080, FARFIELD 235582-238627, FARFIELD 238764-238769, FARFIELD 238777, FARFIELD 238784-238794, FARFIELD 238800-23880, and FARFIELD 241883.

Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Document Request 3.39:  This Document Request is included in Request 3.38.  Farfield produced responsive documents at FARFIELD 5827, FARFIELD 5828, FARFIELD 21825, FARFIELD 30662, FARFIELD 31744, FARFIELD 33125-33126, FARFIELD 33133-33134, FARFIELD 39810-39815, FARFIELD 203733-203738, FARFIELD 43078-43080, FARFIELD 235582-238627, FARFIELD 238764-238769, FARFIELD 238777, FARFIELD 238784-238794, FARFIELD 238800-23880, and FARFIELD 241883.

Document Request 3.40:  Farfield maintains its objections to this request and does not see how this request is reasonably calculated to lead to the discovery of admissible evidence.  Please explain why Farfield's objections are improper.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 15

    <u>Document Request 3.41</u>:  Farfield maintains its objections to this request.  Please explain why Farfield's objections are improper.  Subject to and without waiving its objections, Farfield produced its document retention/destruction policy at FARFIELD 109720, which was part of the DVD production on January 6, 2014.

    <u>Document Request 3.42</u>:  Farfield maintains its objections to this request.  Please explain why Farfield's objections are improper.  Subject to and without waiving its objections, Farfield produced its document retention/destruction policy at FARFIELD 109720, which was part of the DVD production on January 6, 2014.

    <u>Document Request 3.43</u>:  Farfield maintains its objections to this request and does not see how this request is reasonably calculated to lead to the discovery of admissible evidence.  Please explain why Farfield's objections are improper.

    <u>Interrogatory 3.02</u>:  Farfield believes that the approximately 258,000 pages of documents it has produced sufficiently identify the information asked for by this Interrogatory, which itself is overly broad and unduly burdensome.  To the extent you believe that relevant data is still unknown for the Identified Projects, please identify such data and we are willing to discuss providing that information.  Farfield has produced all of the contracts for the five Identified Projects, which set forth the location of the project, the nature of the project, and the owner.  Further, the certified payrolls, time sheets, and daily foreman logs identify the foreman, supervisors and Farfield employees who performed work on each project and state the type of work, including job classifications, the dates and total number of hours, regular and overtime, worked by each Employee on each project, and their rates of pay.

    Farfield further identifies the following individuals:

| | |
|---|---|
| <u>5001 (Girard)</u>: | Superintendent: Chris Derr |
| | Contract Manager: Joe McGee, Sr. |
| | Time Sheet Clerk: Chris Derr |
| <u>5002 (PATCO)</u>: | Superintendent: Chris Derr |
| | Contract Manager: Joe McGee, Sr. |
| | Time Sheet Clerk: Chris Derr |
| <u>5004 (Wayne Junction)</u>: | Superintendents: Robert Jackson and Fred Cuthbert |

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 16

|  |  |
|---|---|
|  | Contract Managers: Joe McGee, Sr. and Robert Jackson |
|  | Time Sheet Clerk: Chris Derr |
| 5005 (Smart Stations Phase I): | Superintendent: Fred Cuthbert |
|  | Contract Manager: Robert Jackson |
|  | Time Sheet Clerk: Chris Derr |
| 9535 (Smart Stations Phase II): | Superintendent: Fred Cuthbert |
|  | Contract Manager: Robert Jackson |
|  | Time Sheet Clerk: Chris Derr |

Farfield's foremen can be identified on the daily foremen logs produced in this action. All of these individuals, and those originally identified in Farfield's response to this Interrogatory, with the exception of Mr. McGee, are to be contacted through Farfield's counsel. Farfield does not have current contact information for Mr. McGee.

Farfield maintains its objections to providing information related to projects other than the Identified Projects for the reasons described above. Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents or answer interrogatories relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Interrogatory 3.03: Farfield has produced certified payrolls, time sheets, daily foreman logs, contract documents, photos, drawings, specifications. The certified payrolls, time sheets, and daily foreman logs identify the foreman, supervisors and Farfield employees who performed work on each project and state the type of work, including job classifications, the dates and total number of hours, regular and overtime, worked by each Employee on each project, and their rates of pay.

Farfield further identifies the following individuals:

| 5001 (Girard): | Superintendent: Chris Derr |
|---|---|
|  | Contract Manager: Joe McGee, Sr. |
|  | Time Sheet Clerk: Chris Derr |

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 17

| | |
|---|---|
| <u>5002 (PATCO)</u>: | Superintendent: Chris Derr |
| | Contract Manager: Joe McGee, Sr. |
| | Time Sheet Clerk: Chris Derr |
| <u>5004 (Wayne Junction)</u>: | Superintendents: Robert Jackson and Fred Cuthbert |
| | Contract Managers: Joe McGee, Sr. and Robert Jackson |
| | Time Sheet Clerk: Chris Derr |
| <u>5005 (Smart Stations Phase I)</u>: | Superintendent: Fred Cuthbert |
| | Contract Manager: Robert Jackson |
| | Time Sheet Clerk: Chris Derr |
| <u>9535 (Smart Stations Phase II)</u>: | Superintendent: Fred Cuthbert |
| | Contract Manager: Robert Jackson |
| | Time Sheet Clerk: Chris Derr |

Farfield's foremen can be identified on the daily foremen logs produced in this action. All of these individuals, and those originally identified in Farfield's response to this Interrogatory, with the exception of Mr. McGee, are to be contacted through Farfield's counsel. Farfield does not have current contact information for Mr. McGee.

Farfield maintains its objections to providing information related to projects other than the Identified Projects for the reasons described above. Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents or answer interrogatories relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

<u>Interrogatory 3.04</u>: Farfield further identifies the following individuals:

| | |
|---|---|
| <u>5001 (Girard)</u>: | Superintendent: Chris Derr |
| | Contract Manager: Joe McGee, Sr. |

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 18

|  |  |
|---|---|
|  | Time Sheet Clerk: Chris Derr |
| 5002 (PATCO): | Superintendent: Chris Derr |
|  | Contract Manager: Joe McGee, Sr. |
|  | Time Sheet Clerk: Chris Derr |
| 5004 (Wayne Junction): | Superintendents: Robert Jackson and Fred Cuthbert |
|  | Contract Managers: Joe McGee, Sr. and Robert Jackson |
|  | Time Sheet Clerk: Chris Derr |
| 5005 (Smart Stations Phase I): | Superintendent: Fred Cuthbert |
|  | Contract Manager: Robert Jackson |
|  | Time Sheet Clerk: Chris Derr |
| 9535 (Smart Stations Phase II): | Superintendent: Fred Cuthbert |
|  | Contract Manager: Robert Jackson |
|  | Time Sheet Clerk: Chris Derr |

Farfield's foremen can be identified on the daily foremen logs produced in this action. All of these individuals, and those originally identified in Farfield's response to this Interrogatory, with the exception of Mr. McGee, are to be contacted through Farfield's counsel. Farfield does not have current contact information for Mr. McGee.

By way of further response, daily logs and timesheets – which Farfield has produced – were maintained by Farfield's employees in the field for each project. These documents were forwarded to Farfield's Payroll Department, which processed the documents in order to create Farfield's payroll.

To the extent you believe Farfield's response remains insufficient, please identify the areas of insufficiency, and we are willing to discuss providing that information.

Farfield maintains its objections to providing information related to projects other than the Identified Projects for the reasons described above. Our objections with respect to other

## STEVENS & LEE
### LAWYERS & CONSULTANTS

September 18, 2015
Page 19

projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents or answer interrogatories relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Interrogatory 3.05: Farfield has fully responded to this Interrogatory. Farfield has produced all of the certified payrolls and time sheets, which identify all employees who performed work on the five Identified Projects, their dates of employment, job classifications, and rates of pay for each job classification for each week and for each day. The certified payrolls, time sheets, and daily foreman logs identify the foreman and supervisor. Farfield has also produced the contract documents, drawings, photos, and correspondence.

To the extent you believe that relevant data is still unknown for the Identified Projects, please identify such data and we are willing to discuss providing that information.

Interrogatory 3.06: Farfield has produced all of the certified payrolls and time sheets, which identify all employees who performed work on the five Identified Projects, their dates of employment, job classifications, and rates of pay for each job classification for each week and for each day. The certified payrolls, time sheets, and daily foreman logs identify the foreman and supervisor. Farfield has also produced the contract documents, drawings, photos, and correspondence. The answers to the prior Interrogatories as well as the documents themselves adequately describe who prepared and maintained these documents as well as the payroll process. Farfield maintains its objections to this Interrogatory to the extent that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and to its other objections previously raised in its prior response.

Interrogatory 3.07: Farfield has produced all of the certified payrolls and time sheets, which identify all employees who performed work on the five Identified Projects, their dates of employment, job classifications, and rates of pay for each job classification for each week and for each day. Employees were paid based on the applicable wage rates in the applicable prevailing wage determination which was part of the contract for the specific Project, and which have been produced by Farfield.

As Farfield stated in its original response to Interrogatory 3.10, Joseph McGee, Sr. was principally responsible for determining the job classifications of the employees on certain of the Identified Projects while he was employed by Farfield. After Joseph McGee, Sr. was no longer employed by Farfield, Edward Nescot and Robert Jackson were responsible for determining job classifications and rates of pay.

To the extent you believe that relevant data is still unknown for the Identified Projects, please identify such data and we are willing to discuss providing that information.

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 20

Interrogatory 3.08: Mr. Anton, a Vice President, and Mr. Krzanowsky, a Vice President, are to be contacted through Farfield's counsel. Farfield does not have current contact information for Mr. McGee. Farfield has produced documents related to its bids for the Identified Projects, as specifically identified in our Responses to the Document Requests.

Farfield maintains its objections to providing information related to projects other than the Identified Projects for the reasons described above. Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents or answer interrogatories relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

Interrogatory 3.10: As Farfield stated in its original response to Interrogatory 3.10, Joseph McGee, Sr. was principally responsible for determining the job classifications of the employees on certain of the Identified Projects while he was employed by Farfield. After Joseph McGee, Sr. was no longer employed by Farfield, Edward Nescot, Vice President and Chief Operating Officer, and Robert Jackson, Vice President / Contract Manager, were responsible for determining job classifications and rates of pay. John Kleimo, who was Vice President / Secretary, was involved in certain communications and correspondence concerning applicable wage rates, and was also involved in the USDOL prevailing wage audit of the Wayne Junction and other projects. Mssrs. Nescot, Jackson, and Kleimo are to be contacted through Farfield's counsel. Farfield does not have current contact information for Mr. McGee.

Farfield relied upon the prevailing wage determinations which were part of the contract documents for each of the Identified Projects. Farfield also used apprenticeship documents where applicable.

To the extent you believe that relevant data is still unknown for the Identified Projects, please identify such data and we are willing to discuss providing that information.

Interrogatory 3.11: Farfield produced documents listing phase codes, which are part of Farfield's job cost control system. Farfield has identified the Project Superintendents for each of the Identified Projects above.

Interrogatory 3.13: Farfield identified those individuals in the Payroll Department in response to Interrogatory 3.04. The documents relied upon were the time sheets prepared in the field and then sent to Farfield's payroll department. Corinne Sheaffer, Treasurer, is recently deceased.

Interrogatory 3.17: Farfield produced its document retention/destruction policy at FARFIELD 109720, as part of the DVD production on January 6, 2014. Farfield maintains that

SL1 1382953v3 040660.00031

# STEVENS & LEE
## LAWYERS & CONSULTANTS

September 18, 2015
Page 21

the rest of the information sought in this Interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Farfield maintains its objections to providing information related to projects other than the Identified Projects for the reasons described above. Our objections with respect to other projects continue as stated above and are incorporated herein, and Farfield does not intend to produce documents or answer interrogatories relating to other projects. To the extent you disagree, please explain why Farfield's objections are improper.

We note again as stated during our status conference with Judge Stengel that to date you have not attempted to have any interactive discussion with us concerning the resolution of any discovery issues. Further, as noted throughout this response, you have not explained why our objections are improper. Please contact us so that we may discuss any remaining issues and the specific reasons for your positions, and so that we may have a meaningful dialogue and attempt to avoid or at least significantly limit the intervention of the Court. We look forward to your response to this letter.

Sincerely yours,

STEVENS & LEE

Susan R. Friedman

SRF
Enclosures
Cc:    Dennis W. Pierce
       Gary D. Melchionni, Esq.
       Zachary R. Davis, Esq.

SL1 1382953v3 040660.00031