IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. : | |
| INTERNATIONAL BROTHERHOOD : | |
| OF ELECTRICAL WORKERS, : | CIVIL ACTION |
| LOCAL UNION NO. 98, : | |
|     Plaintiffs, : | |
| : | No. 09-4230 |
| v. : | |
| : | |
| THE FARFIELD COMPANY, : | |
|     Defendant. : | |

**O R D E R**

AND NOW, this 5th day of November, 2015, upon review of the Plaintiff's Motion to Compel (Doc. No. 107), the Defendant's response thereto (Doc. No. 108), and pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court hereby appoints Bruce P. Merenstein, Esquire as Special Discovery Master, and hereby enters the following Order:

This Civil Action was commenced in September of 2009, when the Plaintiff filed its Complaint in this Court. The litigation involves claims under the False Claims Act, 31 U.S. § 3729, *et seq.*, and the Davis-Bacon Act, 40 U.S.C. § 276 (a), *et seq.*

It is the Court's policy in regard to discovery motion practice that the parties attempt to resolve their differences amicably before seeking judicial intervention, which is costly and time consuming. *See* Local Fed. R. Civ. P. 26.1. The parties have been engaged in discovery since late 2013. On October 5, 2015, the Plaintiff filed a Motion to Compel the Defendant to Cooperate in Discovery. *See* Doc. No. 107. The Defendant responded to that Motion on October 15, 2015. *See* Doc. No. 108. An in-person status

1

conference and oral arguments on that Motion was held by this Court on October 29, 2015.

The complexity and nature of the instant discovery dispute warrant the participation as an adjunct resource to the parties and the Court, of a *Special Discovery Master*. The scope of this dispute includes the coordination and number of depositions to be held. It further includes the Defendant's responses to Plaintiff's numerous requests for production of documents and interrogatories. It is this Court's belief that these disputes can promptly be resolved if there is available a capable, competent, and dedicated neutral party in the person of a Special Discovery Master.

While it is true that the parties can be expected to do their best to resolve these differences without judicial intervention, there will nevertheless be those instances when a more formal presentation to the Court will appear to be the only avenue to resolve differences. It is the Court's belief that the introduction of a Special Discovery Master, who will be in a position to promptly and informally consider the views of the parties and attempt to mediate them, will be an invaluable aid to the overall administration of the case. The Special Discovery Master shall be appointed for a period of sixty (60) days following the date this Order is entered. If he is unable to succeed informally, he will be authorized to render a written decision and recommendation to the Court forthwith. This more formal second step will allow the parties to secure a written decision from the Master after a fair and full review of the parties' respective positions, with either party thereafter having the right within ten (10) calendar days to appeal such ruling to the Court which will promptly consider the matter de novo.

In order to execute the duties of his office, the Special Discovery Master shall be vested with the powers described and contemplated under Fed. R. Civ. P. 53(c), (d), and (e), including the right to:

(1) review and analyze all papers, affidavits, and legal memoranda filed with the Court bearing upon the parties' discovery disputes;

(2) schedule, convene, preside over, and otherwise conduct any meetings, hearings, conferences or proceedings deemed necessary to resolve these disputes;

(3) prepare and file decisions and recommendations and other necessary reports including a report every thirty (30) days on the progress of the activities under the jurisdiction and authority conferred by this order;

(4) pursuant to Federal Rule of Civil Procedure 53(b)(2)(B), the Special Discovery Master is authorized to communicate *ex parte* with the Court or the parties in accordance with his discretion. The Special Discovery Master shall inform the parties when he exercises this power. Upon objection of any party, this practice shall terminate.

(5) incur necessary expenses and costs at reasonable levels to permit him to function fully in pursuance of the tasks covered by this reference.

The Special Discovery Master shall be compensated for his services, at the rate of $525 per hour, and for all costs related to his duties as a Master from the parties' assets, subject to Court approval.

From time to time during the course of his stewardship, the Special Discovery Master shall submit to the Court an application for counsel fees and costs associated with his service as Special Discovery Master and, in that respect, is authorized to incur only

such fees and costs as may be reasonably necessary to fulfill his duties under this order, or such other orders as the Court may issue from time to time hereafter. Upon receipt and approval of such application, the Court will notify counsel for the parties of the approved amount of fees and costs. The parties will then each be responsible for payment of an equal half share of the approved amount directly to the Special Discovery Master.

The equal sharing of the fees and costs will be the standard protocol for payment to the Special Master. However, if the Special Discovery Master determines that all fees and costs, or any allocation other than equal half shares, should be assessed against one party due to the particular circumstances of a dispute, the Special Master has the discretion to make a recommendation of such an allocation to the Court along with a brief explanation of the reasons for the assessment.

All decisions and recommendations, reports and applications for fees and costs should be served on the parties at the time they are filed with the Court. In those instances where a ruling made by the Special Discovery Master is accepted by the parties, he shall confirm the same by letter to the parties (but not to the Court) if a party requests such a written confirmation. All rulings made by the Special Discovery Master on disputes that are not accepted by any affected party shall be prepared by the Special Discovery Master as a "Decision and Recommendation" sequentially numbered beginning with the first such determination and recommendation. It shall be served upon the parties and the Court.

The parties seeking to prevent the decision and recommendation from taking effect shall have ten (10) calendar days from the date it is filed with the Court to appeal in

the form of a motion with the Court, accompanied by a copy of the decision and recommendation attached thereto. The motion should set forth the relief requested. If no appeal is filed with the Clerk within the ten (10) day period, the decision and recommendation will be deemed to be accepted by all parties, and the Court will enter an order accordingly.

      The Court has considered the Affidavit of Bruce P. Merenstein, Esquire, supplied pursuant to Federal Rule of Civil Procedure 53(b)(3) (see copy of Affidavit of Mr. Merenstein attached), and believes that Mr. Merenstein possesses the requisite skills, experience, knowledge, and other attributes which will be necessary to serve in the capacity as Special Discovery Master in this litigation.

      BY THE COURT:

      /s/ Lawrence F. Stengel
      LAWRENCE F. STENGEL, J.