IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel.<br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS, LOCAL UNION<br>NO. 98,<br>    Relators/Plaintiffs,<br>v.<br>THE FARFIELD COMPANY<br>    Defendant. | Civil Action No. 09-cv-4230-LS |

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER;
OBJECTION TO FIRST DECISION AND RECOMMENDATION OF THE
SPECIAL DISCOVERY MASTER**

Plaintiff International Brotherhood of Electrical Workers Local Union No. 98, by and through undersigned counsel, submits this Motion to Modify Scheduling Order; Objection to First Decision and Recommendation of the Special Discovery Master pursuant to Federal Rule of Civil Procedure 53(f)(2).

In support of its motion, Plaintiff avers as follows:

1. In order to address numerous discovery disputes arising between the parties, including those raised in Plaintiff's Motion to Compel Defendant to Cooperate in Discovery filed on October 5, 2015 (Doc. No. 107), by order issued on November 5, 2015, this Court appointed Bruce Merenstein, Esquire, to serve as Special Discovery Master pursuant to F.R.C.P. 53(a)(1)(c) (Doc. No. 110).

2. If the parties were unable to agree upon all relevant issues, the Discovery Master was directed to issue a written decision and recommendation to the Court. Pursuant to the Court's order, upon such submission, either party was permitted ten (10) calendar days to "to

appeal such ruling [in the form of a motion] which will promptly consider the matter de novo." The instant filing constitutes such an appeal.

3. As a result of three in-person conferences held with the Special Master, the parties were able to reach an agreement on almost twenty separate discovery issues in dispute.

4. Among the issues upon which an agreement was reached was the number of depositions permitted to be taken. It was agreed that no more than forty-six (46) depositions would be allowed.

5. The lone issue the parties were unable to resolve is the amount of time necessary to complete the depositions.

6. Pursuant to this Court's order of November 5, 2015, on February 29, 2016, the Discovery Master submitted a First Decision and Recommendation of the Special Discovery Master (Doc. No. 118) in which he proposed a deadline for the completion of depositions of August 9, 2016.

7. On March 2, 2016, this Court entered an order in which it adopted the date recommended by the Discovery Master by ordering that all depositions in the matter be completed by August 9, 2016 (Doc. No. 120).

8. As noted by the Special Master, this would require the completion of forty-six depositions within the next 100 business days.

9. For the reasons that follow, the deadline as established would impose a significant hardship upon counsel for Plaintiff and would cause considerable to the operations of the law firm.

10. The law firm representing Plaintiff currently employs twelve attorneys. Of those twelve, five attorneys work within the labor department – under whose purview this case falls.

11. Three attorneys have entered their appearance in this case: Richard Sigmond, Marc Gelman and James Goodley.

12. No other attorney employed by the firm has any knowledge concerning the facts or the law of this complex and lengthy litigation.

13. Due to personal health reasons, Mr. Sigmond will not be participating in any of the depositions. Consequently, all of the depositions will be conducted by Mr. Gelman and Mr. Goodley.

14. Mr. Goodley is an associate who has been employed with the firm for approximately two years. As such, he will not be in a position to conduct any of the substantive depositions without assistance.

15. Due to Mr. Sigmond's health condition, during the time-period at issue Mr. Gelman and Mr. Goodley will be required to cover a portion of his work-load unrelated to the instant litigation.

16. During the course of the meetings with the Discovery Master, it was agreed that all current officers and employees of Defendant company would be deposed at a location in or near Lancaster, PA so as to avoid disruption to Defendant's business operations.

17. It is estimated that at least fifteen of the depositions will take place in or near Lancaster, with the possibility of three additional depositions to take place in locations requiring more substantial travel.

18. Based upon the foregoing, conducting approximately two depositions a week over the next twenty weeks would result in disruption to the firm that would cause its business operations to be directly and detrimentally affected.

19. Plaintiff therefore requests a deposition deadline of sixty (60) days beyond that recommended by the Discovery Master, or October 8, 2016.

20. Oral argument to address Plaintiff's motion and any response thereto is requested.

WHEREFORE, for the foregoing reasons, Plaintiff International Brotherhood of Electrical Workers, Local Union No, 98 request that this Court modify its March 2, 2016 order and extend the deadline for the completion of depositions to October 8, 2016.

                    Respectfully submitted,

                    JENNINGS SIGMOND, P.C.

                    s/ Marc L. Gelman
                    RICHARD B. SIGMIOND, ESQUIRE
                    (No. 02574)
                    MARC L. GELMAN, ESQUIRE
                    (No. 78857)
                    JAMES GOODLEY, ESQUIRE
                    (No. 315331)
                    The Penn Mutual Towers, 16th Floor
                    510 Walnut Street, Independence Square
                    Philadelphia, PA 19106-3683
Date: March 10, 2016        (215) 922-0623