UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel.<br>INTERNATIONAL BROTHERHOOD<br>OF ELECTRICAL WORKERS,<br>LOCAL UNION NO. 98. | : <br>: <br>: <br>: <br>: | CIVIL ACTION NO. 09-4230 |
| Relators/Plaintiffs, | : <br>: | ELECTRONICALLY FILED |
| v. | : <br>: | |
| THE FARFIELD COMPANY. | : <br>: | |
| Defendant. | : <br>: | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
MODIFY SCHEDULING ORDER; OBJECTION TO FIRST DECISION AND
RECOMMENDATION OF THE SPECIAL DISCOVERY MASTER**

Defendant, The Farfield Company ("Farfield" or the "Company"), submits this Response
in opposition to the Motion of Relator/Plaintiff IBEW ("IBEW" or the "Union") to modify the
scheduling order in this matter, and the Union's objection to the First Decision and
Recommendation of the Special Discovery Master (IBEW's "Motion").

Farfield believes that the Union's requested relief – an extra 60 days to take the
depositions in this matter – is unnecessary.  Farfield also objects to the Union's conduct during
the course of the proceedings with the Special Discovery Master, which served only to prolong
this matter and cause Farfield unnecessary expense.  Specifically, IBEW's counsel withheld the
critical information upon which it now bases its request for an extension of time to complete
depositions in this matter.  Accordingly, IBEW's Motion should be denied.

1

## I.     IBEW's Requested Extension is Unnecessary.

As IBEW states in its Motion, the parties have agreed that no more than 46 depositions will be taken in this action. Farfield has requested the depositions of 14 individuals. IBEW has listed 36 people whom it would like to depose, but has agreed to depose no more than 32 of them. IBEW argues in its Motion that the Court has allowed the parties just 100 business days to take the 46 depositions. However, Farfield believes that many of these depositions will not take more than one-half of a day to complete, and the parties can conduct two depositions in a single day for many of them. Thus, while IBEW claims in its Motion that the current schedule would require the parties to take two depositions per week, those depositions will in many instances require only a single day. Indeed, Farfield believes that all 46 depositions can likely be completed in no more than 25-30 business days – an approachable number given that there are approximately twenty weeks in which to complete them. Thus, the August 9 deadline for depositions provided by the Court is entirely reasonable, and Farfield believes that all of the depositions can be completed in that time.

## II.    IBEW Unnecessarily Caused Delay and Expense to Farfield By Withholding Critical Information Related to Its Motion.

Farfield additionally opposes IBEW's Motion because IBEW's counsel inexplicably did not disclose its basis for needing more time to complete depositions either prior to or during the final meeting with the Special Discovery Master, thereby causing Farfield unnecessary expense.

By way of background, after IBEW filed a Motion to Compel on October 5, 2015, this Court appointed Bruce Merenstein, Esquire, to serve as Special Discovery Master on November 5, 2015. Mr. Merenstein subsequently had several phone calls and in-person meetings with counsel for the parties in an attempt to resolve the discovery disputes that IBEW raised in its Motion to Compel. At the Court's request, during these meetings, the parties also attempted to

resolve certain issues pertaining to the taking of depositions in this case.  Specifically, the parties

sought to agree on the number, location and deadline for taking depositions.

After the parties successfully resolved most of the disputes raised by IBEW in its Motion

to Compel, counsel attempted to resolve the deposition issues.  While the parties were able to

confirm the resolution of the remaining discovery issues and agree on the number of depositions,

they could not agree as to the appropriate deadline, and all agreed to schedule a final in-person

conference in Philadelphia with Mr. Merenstein.  A few days before the final meeting, counsel

again discussed the issues, confirming that all of the remaining issues were resolved other than

the deposition deadline, and at that time Mr. Gelman raised the issue of the location of the

depositions, which the parties agreed would be placed before Mr. Merenstein.  On February 26,

2016, counsel for the parties met with Mr. Merenstein in Philadelphia.  During that meeting,

which lasted more than two hours, IBEW's counsel refused to agree to an August or September

2016 deadline for depositions, insisting that they would need until the end of 2016 in order to

complete depositions.  Although counsel and Mr. Merenstein engaged in a lengthy discussion as

to the logistics of the depositions as well as the reasons why so much time would be necessary,

IBEW's counsel never mentioned that Richard Sigmond, part of IBEW's legal team, was not

going to be participating in the depositions due to health concerns.  Indeed, to the contrary,

counsel and Mr. Merenstein openly discussed that each side of this case had three separate

attorneys who had entered appearances and could therefore participate in depositions.

Now, in its Motion, IBEW has stated for the first time that Mr. Sigmond's health will

prevent him from participating in the depositions.  IBEW also states that James Goodley, another

Jennings Sigmond attorney, lacks the experience to be able "to conduct any of the substantive

depositions without assistance."  IBEW's counsel also omitted this point from any discussions

SL1 1407913v3 040660.00031

prior to filing its Motion.  There was no basis for IBEW's counsel to withhold this information either prior to nor during the meetings with the Special Discovery Master.  Counsel for Farfield attempted in good faith to resolve the dispute.  Counsel for IBEW chose to withhold critical facts and participate with less than full disclosures.  In so doing, IBEW attempted yet again to needlessly prolong this litigation.

For the foregoing reasons, the Court should deny IBEW's Motion.

Date:  March 23, 2016

Respectfully submitted,

STEVENS & LEE

/s/ Susan R. Friedman
Susan R. Friedman, Esquire
Attorney I.D. No. 23741
Gary D. Melchionni, Esquire
Attorney I.D. No. 38434
51 South Duke Street
Lancaster, Pennsylvania  17602
(717) 399-6625

Zachary R. Davis, Esquire
Attorney I.D. No. 202401
1818 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 751-2874

*Attorneys for The Farfield Company*

SL1 1407913v3 040660.00031

## CERTIFICATE OF SERVICE

I, Zachary R. Davis, Esquire, certify that a true and correct copy of Defendant's Response in Opposition to Plaintiff's Motion to Modify Scheduling Order; Objection to First Decision and Recommendation of the Special Discovery Master was filed electronically and made available for viewing via the Court's ECF system, and was served via the Court's electronic filing service on the following counsel of record:

> Richard B. Sigmond, Esquire
> Marc L. Gelman, Esquire
> James Goodley, Esquire
> Jennings Sigmond, P.C.
> 510 Walnut Street, Suite 1600
> Philadelphia, PA  19106-3683

/s/ Zachary R. Davis
Zachary R. Davis

Dated:  March 23, 2016

SL1 1407913v3 040660.00031